### BOLLES *against* CHAUNCEY and others.

As between the parties to a mortgage to secure the payment of the amount of a certain note, the taking up of that note, by the substi- tution of another, is not an extinguishment of the original debt.

*Hartford,*
*June, 1831.*

Bolles
*v.*
Chauncey.

The record of an unsatisfied mortgage is sufficient to put a third person upon enquiry; and whatever puts a person upon enquiry, is, in equity, notice to him of all the facts, which such enquiry would have disclosed.

Therefore, where *A.* mortgaged land to *B.*, to secure payment of the amount of a certain note, which *B.* held against *A.*, and after such note became due, it was taken up by *A.* on his giving a new note to *B.* for the same amount, without otherwise making payment; and afterwards, *C.* became the *bona fide* purchaser of the premises from *A.*, who delivered over to *C.* the first mentioned note; on a bill in chancery, brought by *C.* against *B.*, for a conveyance of the premises, unincumbered by the mortgage to *B.*, it was held, that *C.* was not entitled to the relief sought.

THIS was a bill in chancery, stating, That on the 21st of *March* 1815, one *Lemuel Swift* mortgaged certain premises (particularly described) to *Nathaniel* and *Abigail Chauncey,* to secure payment of the amount of a promissory note for 500 dollars, dated the 17th of *March* 1815, and payable in two years from the date thereof, with interest : That said note was not paid according to the tenor thereof, but was, soon after it became due, taken up, by said *Swift,* by giving a new note for the amount due ; which last-mentioned note was received, by said *N. Chauncey,* and is now unpaid and due : That on the 8th of *November* 1821, the plaintiff became the *bona fide* purchaser of the mortgaged premises from said *Swift,* who, at the time of executing the deed, delivered the first mentioned note to the plaintiff: That by reason of finding said note in the possession of said *Swift,* and without any actual knowledge of the existence of said second note, the plaintiff was induced to take his deed from said *Swift,* as he had good right to do, and to consider the land discharged from the lien created by said mortgage. The bill sought a decree, compelling the defendants to execute a quit-claim deed of the premises to the plaintiff.

To this bill the defendants demurred generally ; and the case was reserved for the advice of this Court, as to what decree should be passed.

*Sherman* and *Hungerford,* in support of the demurrer, insisted, That the plaintiff was not entitled to the land, without payment of the debt due from *Swift* to *Chauncey ;* the rights of the plaintiff being those only of the mortgagor. In support of this position, they remarked, first, that the condition of the

mortgage to *Chauncey* was, that the *amount* of the note should be paid, and not merely that that note should be taken up; which distinguishes the case from *Peters* v. *Goodrich*, 3 *Conn. Rep.* 146. where the condition was, that the mortgagor "should pay the said note," and "indemnify and save harmless the plaintiff from his indorsement" of that note.

*Hartford,*
*June, 1831.*

Bolles
*v.*
Chauncey.

Secondly, the plaintiff, when he took the deed from *Swift*, had notice from the record of the prior incumbrance. This was, at least, sufficient to put him on enquiry, whether the debt had been paid. If he had enquired of the defendants, who had not only the fullest means of information, but were interested to communicate the truth, he would have been told, that the debt was unpaid.

Thirdly, the original incumbrance has not been removed. That the debt has not been in fact paid, appears distinctly from the bill. Is the giving up of the note payment by operation of law? The note is but evidence of the debt. The evidence may be lost, or destroyed or given up, while the debt remains. So a note may be merged, by passing *in rem judicatam*; but the debt is not thereby extinguished. If the note in question cannot now be sued, this is no more than would have been true of it, if it had gone into judgment. That the renewal of a note, or a mere change of security, is not, actually or constructively, an extinguishment of the debt, is settled by authority. *Brinckerhoof* v. *Lansing*, 4 *Johns. Chan. Rep.* 73. *Dunham* v. *Dey*, 15 *Johns. Rep.* 555. 2 *Swift's Dig.* 175.

*W. W. Ellsworth*, contra, insisted, 1. That as the plaintiff, on examining the records, found no incumbrance on the land, except a certain note, and on enquiry, further found, that this note had been given up and was in the hands of the mortgagor, he was not chargeable with any negligence or want of vigilance, in purchasing the land as unencumbered estate.

2. That the condition of the mortgage was fulfilled, by the mortgagor's taking up the note in question. *Peters* v. *Goodrich* & al. 3 *Conn. Rep.* 146. If the mortgagor gave a new note, that was *accepted in payment* of the former; and the lien was discharged, though the debt remained.

3. That *Chauncey*, by giving up the note to *Swift*, enabled him to practise a fraud on an innocent and *bona fied* purchaser; and on that ground, *Chauncey* ought to be postponed.

*Hartford,*
*June, 1831.*

Bolles
*v.*
Chauncey.

BISSELL, J. The question reserved for the advice of this Court, is, whether the plaintiff is entitled to have a conveyance from the defendants, without payment of the money secured by the mortgage. As between the mortgagor and mortgagee there can be no pretence for saying, that the substitution of one note for another is a satisfaction of the condition of the mortgage. It is not an extinguishment of the original debt; and to hold it to be so, would oppose the plainest principles of equity, as well as the whole course of decisions on the subject. *Brinckerhoof* v. *Lansing,* 4 *Johns. Chan. Rep.* 73. *Dunham* v. *Dey,* 15 *Johns. Rep.* 555. *Tobey* v. *Barker,* 5 *Johns. Rep.* 68.

It is, however, insisted, that the plaintiff, finding the note mentioned in the condition of the mortgage in the hands of the mortgagor, he had a right to presume, that it was satisfied. To this it may be answered, that he had a right to presume nothing but what the law would infer from that single fact; and as from that fact alone the law will not presume payment, he had no right to draw the inference. He found the record title to these lands outstanding in the mortgagee. This should have put him upon enquiry. And whatever puts a party upon enquiry, is, in equity, notice to him of all the facts, which such enquiry would have disclosed. *Sigourney* v. *Munn* & al. 7 *Conn. Rep.* 324.

It is urged, that this case is governed, by *Peters* v. *Goodrich* & al. 3 *Conn. Rep.* 146. There is, in my judgment, a very obvious distinction between the cases. There, the condition of the mortgage was, to indemnify the mortgagee against the indorsement of a specified note of hand. There was no stipulation for any indemnity, but through the medium of a particular indorsement; and the decision of the court went upon the ground, that the parties were bound, by the precise terms of the contract. Here, the condition of the mortgage is the payment of *the debt.* The note described was the mere *evidence* of the debt. It matters not how the debt might be evidenced. The note might be merged in a judgment; or it might be given up, and a new note substituted; and still the *debt* remain unpaid; still the condition of the deed be unperformed. The case of *Peters* v. *Goodrich,* therefore, is not a controuling authority here. The mortgage debt is, confessedly, unpaid; and there is no principle of equity, upon which the plaintiff is enti-

tled to the land in question, unincumbered by the mortgage. I would so advise the superior court.

HOSMER, Ch. J. and DAGGETT, J. were of the same opinion.

PETERS, J. was inclined to think, that the plaintiff was entitled to the mortgaged premises, without payment of *Swift's* debt to *Chauncey*. It seemed to him, that this case was governed by *Peters* v. *Goodrich ;* and although he had entertained some doubts as to the correctness of that decision, yet he did not feel himself at liberty to disregard it.

WILLIAMS, J. gave no opinion, having been of counsel in the cause.

Bill to be dismissed.