Gaul *v.* Baker.

FRANCIS J. GAUL *vs.* CHARLES H. BAKER.

Third Judicial District, New Haven, June Term, 1926.
WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

By foreclosure proceedings a mortgagee obtains such title, and such only, as the mortgagor had the power to mortgage at the time the mortgage was given.

However questionable, prior to 1915, may have been the right of an owner of land out of possession to maintain a statutory action to quiet his title, the doubt no longer exists, for since the amendment of that year, now embodied in § 5113 of the General Statutes, he is clearly entitled to do so.

Under the present practice as to the joinder of legal and equitable issues, a plaintiff in an action to quiet title or even in a suit for purely equitable relief, need not allege that he has no adequate remedy at law.

Prior to the commencement of the present action, the plaintiff obtained title by foreclosure of a mortgage to certain premises of which the defendant was in possession under a prior oral lease. When the plaintiff attempted to secure possession by an execution in ejectment upon his judgment, a suit, to which the defendant was a party, was brought to enjoin such proceedings, wherein it appeared from the finding upon appeal to this court (*Newman* v. *Gaul*, 102 Conn. 425) that the defendant's lease was accompanied by an option to purchase, and that "while occupying the premises Baker (the defendant) paid about $14,000 for improvements upon the property under a verbal agreement with Newman (his lessor) that if his option of purchase was not exercised, Newman would reimburse him for this expenditure." In view of these facts, this court held in that appeal that the plaintiff was not entitled to possession because the defendant's rights under his lease and the accompanying agreements had never been properly adjudicated. Accordingly, the present action was brought to quiet plaintiff's title; wherein the defendant filed an answer and cross-complaint alleging an equitable

lien in his favor for $14,000, but, upon the trial, he offered no evidence in support of his allegations except the record in the former action, claiming that the existence of the lien had been conclusively established therein and that the matter was *res adjudicata*. The trial court overruled this claim and rendered judgment for the plaintiff. *Held* that the trial court did not err, and that the plaintiff mistook the scope of the judgment in the former action, which determined, not that he had a lien, but that he must be given an appropriate opportunity, such as that afforded him in the present action, to litigate his claim thereto.

Argued June 2d—decided July 30th, 1926.

ACTION to quiet and settle the plaintiff's title to certain real estate situated in the town of Wilton, brought to the Superior Court in Fairfield County where the defendant's demurrer to the complaint was overruled (*Booth, J.*) and the case was later tried to the court, *Wolfe, J.;* judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

*Joseph A. Gray,* for the appellant (defendant).

*Raymond E. Hackett,* for the appellee (plaintiff).

HAINES, J. The present action is the sequel to a former action considered by this court, *Newman* v. *Gaul,* 102 Conn. 425, 129 Atl. 221, and the premises involved are the same in both actions. The printed record in that action is made a part of the finding on this appeal. The former owner of the premises, one Newman, verbally leased them to Baker, who went into possession and still remains, to the exclusion of all others. By the terms of the lease Baker was given two successive rights of renewal of his lease, an option to purchase at any time during the tenancy and upon failure to purchase was to be reimbursed by the lessor for such improvements as he made upon the property during the tenancy. The present plaintiff, Gaul, ob-

tained title through foreclosure of a mortgage, but the defendant, Baker, was not a party to that action, and his lease was prior to the mortgage foreclosed. Thus the title obtained by Gaul was subject not only to any prior mortgage, but to such interests as Baker had as tenant in possession, under the terms of his unrecorded lease for one year, for Gaul obtained such title and such only as Newman had the power to mortgage at the time of giving the mortgage. *Dawson* v. *Orange,* 78 Conn. 96, 107, 61 Atl. 101.

We held in *Newman* v. *Gaul* that Gaul's right to the possession of the property, so far as Baker was concerned, was not complete till the superiority of his claim over that of Baker was established, either by an action of ejectment against Baker, or if this was not appropriate to try the issues which might lie between them, then by some other action appropriate to those issues.

Contending that ejectment was not thus the appropriate action, Gaul now brings one under the provisions of General Statutes, § 5113, being an action to quiet title. No claim for possession is made, so that in the event the plaintiff succeeds in this action, a further suit will be necessary to obtain the possession which Gaul is seeking. So far as the record in this case discloses, the sole defense of Baker to Gaul's claim of absolute title is that he has an interest in the property by virtue of an equitable lien for improvements made under the terms of his lease, for $14,000.

The defendant demurred to the complaint on substantially three grounds: (1) that it was not alleged that the plaintiff was in possession and this action could not be maintained by one out of possession; (2) that the complaint did not state any right of possession in the plaintiff and the allegation of a fee is purely a legal conclusion; (3) that it was not alleged that the

plaintiff was without an adequate legal remedy and so this equitable action does not lie. The defendant appeals from the action of the trial court in overruling this demurrer.

Prior to 1893, if claims upon lands in possession of the owner were made adverse to the latter, there appears to have been no means open to him to dispose of them, for this was a legal question affecting title to land and courts of equity being closed to him, he could not compel the adverse claimant to submit his claim to adjudication in a court of law, but must wait until the claimant attempted to assert his rights against him. Obviously for the purpose of affording a remedy to an owner in possession under such cirucumstances, the legislature in that year passed an Act (Public Acts of 1893, Chap. 66) which, as amended, has now become General Statutes, § 5113. *Foote* v. *Brown*, 78 Conn. 369, 62 Atl. 667.

Whether the statute was available to an owner who was out of possession was at least an open question before 1915. *Layton* v. *Bailey*, 77 Conn. 22, 30, 58 Atl. 355; *Cahill* v. *Cahill*, 76 Conn. 542, 57 Atl. 284.

In 1913 the statute was amended to include within its provisions personal as well as real property. Public Acts of 1913, Chap. 54. In 1915 it was further amended to allow an action to be maintained, not only against anyone who claimed to own the property or any part thereof, or to have any estate in the same, or any lien or incumbrance thereon, adverse to the plaintiff, but one "in whom the land records disclose any interest, lien, claim, or title conflicting with the plaintiff's claim, title, or interest, and whether the plaintiff is entitled to the immediate or exclusive possession of such property." Public Acts of 1915, Chap. 174.

From a statute for the benefit of an owner of real estate in possession, its scope has thus been enlarged

by legislation, first, to cover personal property as well as real, and then to meet adverse claims of record affecting the title of the owner. We think the reasonable intendment of the statute as it now stands cannot be restricted to furnishing relief only to such as have possession of the property. Its beneficial operation is not thus restricted by any language which it contains and we see no warrant in law or reason for now narrowing the terms "any person" to mean only a person in possession. We hold, therefore, that the statute was open to the present plaintiff, though out of possession. Nor can we concur in the defendant's contention that the complaint fails to properly state the plaintiff's claim to the property. "The essentials of a complaint [under this statute] are a statement of the plaintiff's ownership in the land described and of his title thereto." *Foote* v. *Brown*, 78 Conn. 369, 377, 62 Atl. 667.

The third ground of demurrer is that the complaint does not allege that the plaintiff has no remedy at law. The defendant does not cite any authorities showing the need of such allegation and we know of none. Whatever may have been the rule when actions in equity were separately heard and determined, it does not conform to our present practice where both legal and equitable issues may be joined, heard and determined in one action, and where both legal and equitable relief may be had in the Superior Court. General Statutes, § 5554; Practice Book, p. 12; General Statutes, § 5636; Practice Book, p. 35. Even in those complaints seeking purely equitable relief, this allegation is not required under our present practice. Practice Book, p. 328, Form 9; p. 382, Form 132; p. 387, Form 143; p. 408, Form 194.

The demurrer was properly overruled, and this conclusion disposes of the first and twelfth reasons of appeal. Only seven of the remaining reasons (two to eight

Gaul *v.* Baker.

inclusive) are pressed in argument or brief. These reasons may be thus summarized: (1) that it was unconstitutional to hold that the plaintiff had a fee and the defendant no interest in the property; (2) that the trial court's conclusion in this regard contradicts that reached by this court in *Newman* v. *Gaul;* (3) that the trial court erred in refusing to enforce the laws of the State relative to ejectment actions; (4) that it was likewise error not to apply the rules of *res adjudicata;* (5) that it was error to hold that the defendant had no claim on the property for $14,000, with interest plus actual expenditures for upkeep; (6) that it was error to exclude evidence of the sums claimed thus to have been expended by the defendant.

After demurrer overruled, the defendant filed an answer and a cross-complaint. The essential contention in the former was that in the action of *Newman* v. *Gaul* it was adjudicated and held that the defendant had a claim on the land for not less than $14,000, and that he had a right to the possession of the premises until that claim was paid; and the cross-complaint set up these as affirmative facts and added that no part of this sum had been paid.

The main issue created by this pleading was whether these were facts thus adjudicated in the former action. The only evidence offered was the printed record of the former action.

It was open to the defendant in this case to set up the facts which constituted his claim of lien. The way would then have been clear for him to show by proper evidence why and under what circumstances the expenditures were made and the amount thereof, and upon this basis make his claim to the court that an equitable lien was created. It was thus that the defendant was "given his day in court" in this action.

Instead of this, he chose to take the position that

no proof of these facts was needed and to rest his defense upon the contention that the claim had already been established. The refusal of the trial court to adopt this view is the basis of the first two of the summarized reasons of appeal. The record of the case of *Newman* v. *Gaul* does not bear out the defendant's contention in this regard.

That action was for an injunction to restrain the execution of a judgment of ejectment, for damages and other equitable relief. Among the facts before us upon the appeal was this: "While occupying the premises Baker paid about $14,000 for improvements upon the property under a verbal agreement with Newman that if his option of purchase was not exercised Newman would reimburse him for this expenditure."

The exact amount of the expenditures was not known, nor were there any facts before us as to the basis for them beyond the single fact that Newman had agreed to reimburse Baker if the latter did not buy the property. All that appeared, therefore, was that this uncertain sum was spent by Baker on the strength of Newman's personal promise to repay. No claim was decided by us that these payments constituted an equitable lien upon the property. We did hold that by reason of his lease and the fact that his rights were vested prior in point of time to the mortgage through which Gaul got title, the right of possession by Baker was, at the time Gaul obtained title, superior to any right of possession in Gaul. We made no finding as to the right of possession, the right of renewal, or the right of reimbursement, *after* Baker's lease expired, and could not do so upon the record then before us. We said, therefore, that having originally obtained these rights by and under his lease, Baker could not be dispossessed by Gaul till the former, in an appropriate action, had "an opportunity to meet the ques-

tion whether any or all the rights which he had under his lease, still exist." Whether, when the leases expired and Gaul should demand possession, Baker would still have rights superior to Gaul, was a question which we expressly left for decision in an "appropriate action" to be thereafter instituted.

The defendant, therefore, errs in making the claim he does in the answer and cross-complaint in the present action, and the trial court committed no error in holding that the allegations were not proved by the record in *Newman* v. *Gaul*.

What has already been said makes it clear that the trial court did not err in refusing to apply the rules relating to *res adjudicata* or ejectment.

Of the last two reasons of appeal as summarized, one claims error for refusing to hold the defendant had a claim on the property for $14,000, with interest plus cost of upkeep, and the last claims error for excluding evidence of sums paid for upkeep.

Nowhere in the record do we find any claim for upkeep, nor any exception to the exclusion of evidence upon that point, and these claims therefore do not merit further consideration.

The failure of the defendant to offer evidence upon which the trial court could find an equitable lien in favor of the defendant, gave that court no other alternative but to find that such lien was not established. This being the sole "interest" which he pleaded, his defense to the present action failed.

There is no error.

In this opinion the other judges concurred.