LAKE GARDA IMPROVEMENT ASSOCIATION *v.* HARRY J. BATTISTONI ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued May 9—decided June 26, 1967

*Paul W. Orth,* for the appellant-appellee (plaintiff).

*George H. Hamlin,* for the appellees-appellants (defendants).

ALCORN, J.  The plaintiff is a specially chartered corporation composed of the owners of real estate around Lake Garda in Farmington and Burlington. *Lake Garda Improvement Assn.* v. *Town Plan & Zoning Commission,* 151 Conn. 476, 478, 199 A.2d 162.  The defendant Harry J. Battistoni is president of the defendant Lake Garda Company, Inc., and owns 50 percent of the corporation's stock, the balance of which is owned by his wife and daughter. The issue between the parties concerns the title to a tract of land adjoining a part of the west shore

of Lake Garda situated between the lots of private owners and the border of the lake. The case represents the most recent phase of the contention which has existed for over twenty years between the plaintiff or its members and Battistoni or the Lake Garda Company, Inc. *Lake Garda Improvement Assn.* v. *Town Plan & Zoning Commission,* supra, 480; *Schroder* v. *Battistoni,* 151 Conn. 458, 199 A.2d 10; *Lake Garda Co.* v. *D'Arche,* 135 Conn. 449, 66 A.2d 120; *Lake Garda Improvement Assn.* v. *Lake Garda Co.,* 135 Conn. 240, 63 A.2d 145.

The trial court rendered judgment that the plaintiff owns a roadway fifty feet wide, called Beach Road, bordering the privately owned lots to the west of the lake and that "the defendant Lake Garda Company, Inc. (subject to its assignment of its interest to Lake Garda Water Company)" owns all of the area easterly of Beach Road, to the shoreline of Lake Garda, including what is called Children's Beach, subject to rights of free access to, and common use of, the beach "in the nature of an easement" for the benefit of the plaintiff, its members, families and guests. The judgment also awarded $75 damages to the plaintiff to reimburse it for the expense of burying boulders placed along the edge of the beach by the defendants. The plaintiff appealed only "from such parts of the judgment . . . as pertain to the title ownership of 'Children's Beach', so-called." The defendants appealed from the entire judgment.

The pleadings, finding and judgment create a confusion which challenges solution. The action was commenced by a complaint, dated September 3, 1963, seeking damages and an injunction based on allegations that the defendants were interfering with the plaintiff's use of the beach, to which, along

with "a narrow macadam roadway . . . designated as Beach Road", the plaintiff claimed ownership by deed and by adverse possession. The complaint was then amended to allege adverse possession of both the beach and Beach Road and to seek a judgment determining the plaintiff's right in or to the beach and Beach Road and settling the title thereto. To this amended complaint the defendants pleaded, as an affirmative defense, that Lake Garda Company, Inc., owned the beach by deed and by adverse possession. By an amended further defense, the defendants pleaded that Battistoni had acquired the beach and roadway by deed, that he had conveyed the property to the Lake Garda Company, Inc., which, in turn, had deeded the beach and roadway to the Lake Garda Water Company, Inc., on March 23, 1962, and that the water company thereafter had been billed for, and had paid, taxes on the property through 1964, and had openly, notoriously and under a claim of right exercised ownership of the property. The same defense also alleged, however, that the defendants Battistoni and the Lake Garda Company, Inc., had exercised control and ownership of the property. No period of time over which such ownership and control had been exercised by the water company or either of the defendants was alleged. Two additional amendments to the defendants' answer were then filed, admitting that the plaintiff owns Beach Road but denying that the plaintiff ever acquired title by deed to the beach between that roadway and the lake.

On these pleadings the parties went to trial, treating the case as an action to quiet title. In substance the plaintiff claimed that it owned the entire tract between the lake and the privately owned lots to

the west of it, whereas the defendants conceded that the plaintiff owned a fifty-foot roadway bordering the lots but denied that the plaintiff owned the area between that roadway and the lake. As to the disputed portion of the land, however, the pleadings presented the confusing and conflicting claim, on the one hand, that Lake Garda Company, Inc., is the owner and, on the other hand, that Lake Garda Water Company, Inc., owned the area. The Lake Garda Water Company, Inc., was not made a party to the action, and no effort was made, before or during the trial, to clarify the inconsistent positions taken by Battistoni and the Lake Garda Company, Inc., on the pleadings.

During the course of the trial there was laid in evidence a quitclaim deed from Lake Garda Company, Inc., to Lake Garda Water Company, Inc., dated March 23, 1962, signed by Harry Battistoni, president of Lake Garda Company, Inc., conveying to the water company, its successors and assigns forever "all such right and title as it the said Lake Garda Company, Inc. has or ought to have in or to a certain piece or parcel of land, lying in the town of Burlington, Connecticut located on the westerly side of Lake Garda containing all the land between the said Lake Garda and the easterly street line of Beach Road, said street line being 50 feet from and parallel to the Westerly Street line of said Beach Road which abuts Lots 37 through 40 and Lots 507 through 519 as shown on map entitled 'Lake Garda-Burlington & Farmington-Section A', dated May, 1936, said map being on file in the Town Clerk's Office in Burlington, Connecticut."

The court has made a finding which is not subject to correction in any respect material to the record before us. The subordinate facts found by the

court make no reference whatever to the quitclaim deed just quoted. The only mention of the Lake Garda Water Company, Inc., appearing anywhere in the finding is in the court's conclusion that "[t]he corporate defendant, (or its assignee, Lake Garda Water Company) is the title owner of all the land area easterly of said Beach Road, as defined, to the shoreline of Lake Garda, including all portions of said 'Children's Beach' which be within this area." The plaintiff assigns as error that this conclusion is not supported by the subordinate facts set forth in the finding. For the reasons already stated this assignment of error is valid. In another assignment of error the plaintiff has attacked the judgment as lacking support in the finding. This assignment is equally valid. The court's finding as previously stated is that "[t]he corporate defendant, (or its assignee, Lake Garda Water Company) is the title owner" of the disputed land. The judgment, as previously quoted, is that "the defendant Lake Garda Company, Inc. (subject to its assignment of its interest to Lake Garda Water Company) is the owner" of the land. A valid judgment must necessarily be based on conclusions reached by the court which are legally and logically drawn from the subordinate facts found. *Endut* v. *Borodenko,* 109 Conn. 577, 582, 145 A. 27; *Graham* v. *Southington Bank & Trust Co.,* 99 Conn. 494, 511, 121 A. 812. Here, we have a judgment that the Lake Garda Company, Inc., owns the disputed land subject to its "assignment" of its interest to the water company. This judgment is based on a conclusion reached by the court that one or the other corporation owns the land, and that conclusion, in turn, is without support in the subordinate facts. Moreover, the judgment purports to determine rights

affecting a corporation, namely the water company, which is not a party to the action, about which we shall comment further.

When the plaintiff amended its complaint to seek a judgment settling the title to the land in dispute, it invoked the remedy provided by § 47-31 of the General Statutes. The procedure in an action to settle the title to land under the statute has been long and clearly established. *Foote* v. *Brown,* 78 Conn. 369, 376, 62 A. 667. The essentials of the complaint were statements of the plaintiff's ownership in the land described and of its title thereto. *Gager* v. *Carlson,* 146 Conn. 288, 289, 150 A.2d 302; *Gaul* v. *Baker,* 105 Conn. 80, 84, 134 A. 250. The action could be maintained against one "in whom the land records disclose any interest, lien, claim or title conflicting with the plaintiff's claim, title or interest". General Statutes § 47-31; *Gaul* v. *Baker,* supra, 83. The claim for relief called for a full determination of the rights of the parties in the land. *Spelke* v. *Shaw,* 114 Conn. 272, 278, 155 A. 715. The plaintiff was required not only to allege but to prove that its title was so affected by the claims of the defendants as to justify the litigation. *Loewenberg* v. *Wallace,* 147 Conn. 689, 692, 166 A.2d 150; *Gager* v. *Carlson,* supra. Finally, the plaintiff was required to prevail on the strength of its own title and not on the weakness of its adversary's. *Pepe* v. *Aceto,* 119 Conn. 282, 288, 175 A. 775.

The statute required the plaintiff to "name the person or persons who may claim such adverse estate or interest." So far as the original claim for injunctive relief and damages is concerned, the plaintiff's allegations against the defendants Battistoni and Lake Garda Company, Inc., justified making these defendants parties to the action. But

when the complaint was amended to embrace an action to quiet title, its basic allegations remained unaltered and included only a vague assertion that those defendants claimed an adverse estate or interest in the land. The statute permits an action to quiet title to be brought only against persons who claim title to or an interest in the land. *Cahill* v. *Cahill,* 76 Conn. 542, 547, 57 A. 284. When the plaintiff's action was brought, the Lake Garda Water Company, Inc., was, according to the land records, in the position of one who might claim an interest adverse to the plaintiff by virtue of the quitclaim deed from Lake Garda Company, Inc. There would, of course, have been no reason for the plaintiff to include the water company as a party defendant if, in fact, that company claimed no interest and if the complaint so alleged. *Cahill* v. *Cahill,* supra, 548. The amended complaint, however, makes no such allegation, but, nevertheless, the water company was not joined as a party. An action to quiet title is one quasi in rem, and it lies against those who, at the time it is instituted, are the present claimants to the land under the instrument which creates the cloud. Consequently, in the absence of an allegation that the Lake Garda Water Company, Inc., claimed no interest in the property by virtue of its recorded deed, it should have been named as a defendant. *Dennen* v. *Searle,* 149 Conn. 126, 130, 176 A.2d 561; *Padula* v. *Padula,* 138 Conn. 102, 107, 82 A.2d 362. The court should not have endeavored to determine and settle the disputed title to the land in the absence of the water company. *Fenton* v. *Fenton Building Co.,* 90 Conn. 7, 16, 96 A. 145; see *Miner* v. *Miner,* 137 Conn. 642, 646, 80 A.2d 512. Inasmuch as the Lake Garda Water Company, Inc., was not made a party to the action, it would not be bound

by the judgment. *Conn. Society of Architects, Inc.* v. *Bank Bldg. & Equipment Corporation,* 151 Conn. 68, 77, 193 A.2d 493; *Sigal* v. *Hartford National Bank & Trust Co.,* 119 Conn. 570, 573, 177 A. 742.

Section 47-31 requires each defendant, in his answer, to "state whether or not he claims any estate or interest in, or encumbrance on, such property, or any part thereof, and, if so, the nature and extent of the estate, interest or encumbrance which he claims, and he shall set out the manner in which such estate, interest or encumbrance is claimed to be derived", and the statute permits the court to render judgment in favor of any defendant who disclaims all interest in or encumbrance on the property. Battistoni and Lake Garda Company, Inc., the only defendants, both claimed and disclaimed ownership. Both claimed to be the owners of the disputed beach property, and both claimed that they had conveyed their interests seriatim to the water company. On the pleadings, therefore, the necessity for the presence of the water company as a party defendant was quite apparent. The introduction into evidence of the quitclaim deed from Lake Garda Company, Inc., to the water company only served to emphasize that necessity so far as the issue of quieting title was involved. *Hagearty* v. *Ryan,* 123 Conn. 372, 376, 195 A. 730. As already stated, that was the primary issue litigated.

The court not only undertook to determine the question of title but failed to make that positive determination of the rights of the parties which the statute contemplates. *Spelke* v. *Shaw,* 114 Conn. 272, 278, 155 A. 715. Neither the court's conclusion that "the corporate defendant, (or its assignee, Lake Garda Water Company)" is the title owner nor the judgment that "the defendant Lake Garda Com-

pany, Inc. (subject to its assignment of its interest to Lake Garda Water Company)" is the owner determines precisely where the title lies. The court apparently concluded that either the Lake Garda Company, Inc., or the Lake Garda Water Company, Inc., is the owner. In formalizing its judgment, it declared the Lake Garda Company, Inc., to be the owner, subject, however, to its "assignment" of its interest to the water company. From the terms of the judgment, neither the nature nor the extent of that "assignment" appears. Beyond that, the water company has had no opportunity to be heard as to the issue of title or, perhaps even more important, the restriction placed upon the title "in the nature of an easement".

The court denied injunctive relief against Battistoni and the Lake Garda Company, Inc. The damages awarded to the plaintiff were based on acts of the defendants within the area to which the court determined that the plaintiff had no title.

The error in the judgment purporting to determine and settle the title will require a new trial on that issue. The question of the plaintiff's right to damages for interference with the beach and the question of its right to access to the beach, whether it be called an easement or something else, is inseparably involved with the title issue. Obviously, if the plaintiff should ultimately succeed in establishing title to the disputed beach, any question of a right of access thereto and of a right to the damages claimed would be easy of solution. These issues are so commingled with the main issue of the title to the property that they should not, on this appeal, be severed. In view of this determination, it is unnecessary to consider the errors assigned in the defendants' appeal.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.