## HAYDEN MACHINERY COMPANY, INC. *v.* STEEL RULE DIE CORPORATION OF AMERICA

### APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 7-685-11986

Argued April 5—decided May 21, 1971

*James R. Greenfield,* of New Haven, for the appellant (plaintiff).

*Herbert S. Savitt,* of Ansonia, for the appellee (defendant).

PER CURIAM. The plaintiff brought an action for a balance alleged to be due on a machine press used for stamping metal. The defendant interposed a counterclaim alleging that it had ordered a 110-ton press whereas the one delivered was a 75-ton press. As the press could not be fully utilized, a loss of profit resulted. Furthermore, the value of the press delivered was less than the contract price of the one ordered. There were but two witnesses: a salesman for the plaintiff and the vice president of the defendant. A judgment for the defendant was rendered on the counterclaim, predicated on the loss of profit and on the decreased value of the press delivered.

The plaintiff has appealed, and its assignments of error are principally directed to the court's conclusions in that they are not supported by the subordinate facts as they relate to the value of the press, its tonnage capacity, and the loss of profits. Conclusions "cannot stand if they are legally or logically inconsistent with the subordinate facts or if they involve some erroneous rule of law material to the case or if they are unreasonably drawn from the facts found." Maltbie, Conn. App. Proc. § 166. As to the value of the press, the court found that after its delivery, the plaintiff called the defendant and asked for a part payment of the bill while they worked at resolving their problem, and the defendant sent the plaintiff $1208.04. The contract price was $2908.04. The only paragraph in the subordinate facts relating to the value of the press states: "The defendant felt that the total payment of $1208.04 was the right amount due for a 75-ton press." The court also found that the witness testifying to the value of the press had been in the press and machinery business for twenty-three years. In its conclusions, the court stated: "Payment of the sum of $1208.04 compensated the plaintiff sufficiently for the delivery of a press having a 75-ton capacity." The court, however, further concluded that "[t]he defendant had no knowledge of presses of this make."

There is no finding as to the reasonable value of the press. See *Sarner* v. *Fox Hill, Inc.*, 151 Conn. 437, 441. "A valid judgment must necessarily be based on conclusions reached by the court which are legally and logically drawn from the subordinate facts found." *Lake Garda Improvement Assn.* v. *Battistoni*, 155 Conn. 287, 292. Since the court's conclusion as to value was predicated solely on what the defendant "felt," and the court also concluded that the defendant had no knowledge of this type of

press, we are inclined to the view that the conclusion as to value is inadequately supported in the subordinate facts. This constituted error.

Although a new trial is necessary, one other assignment of error directed to the conclusions, perhaps, should be considered. The court concluded that "[t]he plaintiff's breach of contract cost the defendant a profit of $3000.00 on a contract for which it had already bought the material and which it was ready to perform when the press was found to be inadequate." The court's next conclusion states that "[t]he defendant is out of pocket for the unspecified cost of the material purchased." It would be difficult to reconcile the specific amount representing a loss of profit if such loss was, in part, predicated on an unspecified cost of material purchased.

There is error, the judgment is set aside and a new trial is ordered.

DEARINGTON, JACOBS and KINMONTH, Js., participated in this decision.