[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 19, 1991, plaintiffs Charles M. Needle, Executor for the Estate of decedent Fred J. Divigard, Jr., and Christina Divigard and Fred Divigard III, children of decedent brought this action to quiet title on certain property owned by the decedent. Count one is against defendant Carmella Petrario, sister of the decedent and Rose Divigard, individually and as surviving spouse of Fred J. Divigard, Sr. Count two is against Price Lee Company. Plaintiffs allege that Carmella Petrario and Rose Divigard, both individually and as surviving spouse of Fred Divigard, Sr., claim an interest, adverse to the plaintiffs' interests, in the subject property pursuant to an alleged mortgage dated March 11, 1970 and recorded on the Milford Land Records in Volume 640 at p. 157. Plaintiffs seek: (1) a determination quieting title in them, (2) attorneys' fees pursuant to General Statutes 52-251, (3) a court order pursuant to General Statutes 47-31(c), and (4) such other relief as to which plaintiffs are entitled law and/or equity. On December 12, 1991, defendant, Petrario, appearing pro se, filed an answer and counterclaim against the plaintiffs claiming to be the holder of a valid mortgage and note against the property. Defendant Petrario seeks a determination quieting title in her favor.
On January 1, 1991, the court entered a default for failure to appear against defendant Price Lee Company, and on January 10, 1992 against defendant Rose Divigard. On January 8, 1992, plaintiffs filed an answer to defendant Petrario's counterclaim. On April 20, 1929, the court, Curran, J. entered judgment in plaintiffs' favor against defendants Price Lee Company, and Rose Divigard. The only remaining defendant is Carmella Petrario. On May 26, 1992, plaintiffs filed an amended answer and special defense to the counterclaim. In their special defense plaintiffs allege that the defendant Petrario's action is barred by General CT Page 10422 Statutes 45a-363(b) and 45a-364 in that defendant failed to seek review of the rejection of her claim against the estate of the decedent. On May 26, 1992, defendant Petrario filed a reply to the special defense.
The first issue before the Court is the Burden of Proof in a quite title action:
 An action to quiet title is a statutory action instituted under the provisions of General Statutes 47-31[1]. The statute requires the plaintiffs to name the person or persons who may claim such adverse estate or interest. Lake Garda Improvement Assn. v. Battistoni, 155 Conn. 287, 293, 231 A.2d 276 (1967). So that the trial court can make a full determination of the rights of the parties to the land, an action to quiet title is brought against persons who claim title to or have an interest in the land. Cahill v. Cahill, 76 Conn. 542, 547, 57 A. 284
(1904). Only the parties to an action to quiet title are bound by the judgment. Lake Garda Improvement Assn. v. Battistoni, supra, 294-95.
Swenson v. Dittner, 183 Conn. 289, 292, 439 A.2d 334 (1981). The action may be "maintained against one `in whom the land record disclose any interest, lien, claim or title conflicting with the plaintiff's, claim, title or interest' General Statutes 47-31; Gaul v. Baker, [105 Conn. 80, 73, 134 A. 250 (1926)]." Lake Garda Improvement Assn., 155 Conn. 287, 293, 231 A.2d 276 (1967). Section 47-31 calls for an adjudication of the title claims of both plaintiff and defendant. Marquis v. Drost, 155 Conn. 327, 333,231 A.2d 527 (1967).
A plaintiff in an action to quiet title must prevail on the strength of its own title and not on the weakness of its adversary's. Velsmid v. Nelson, 175 Conn. 221, 229, 397 a.2d 113 (1978). "A person who claims title by deed is claiming that he has good record title which entitled him, in an action to quiet title, to a judgment of ownership." DeVita v. Esposito, 13 Conn. App. 101,106, 535 A.2d 364 (1987), citing Loewenberg v. Wallace,147 Conn. 689, 698, 166 A.2d 150 (1960). A judgment for a "defendant on the plaintiff's complaint must be based on the finding that the plaintiff did not prove, by a preponderance of the evidence, that he had record title." DeVita, supra, 108.
In the present case the plaintiffs have the burden of proof on CT Page 10423 their complaint to quiet title, and the defendant has the burden of proof on her counterclaim to quiet title.
At trial, plaintiffs did not submit into evidence a copy of the deed transferring ownership of the subject property to decedent Fred Divigard, Jr. nor did plaintiffs submit a copy of decedent's will or present proof of the absence of a will such that the interests of plaintiffs Christina Divigard or Fred Divigard, III, children of the decedent, could be determined.
In paragraphs three and four of her answer, however, defendant admits the allegations in the complaint that the decedent acquired title to the property by warranty deed from Catherine G. M. Sage and William Sage on May 5, 1965. Defendant further admits the fact that plaintiffs Christina Divigard and Fred J. Divigard, III are the heirs and sole beneficiaries of decedent's estate. It is also recognized that "a person or entity which takes a mortgage or property admits by so doing, the title of the mortgagor and is estopped from contesting the mortgagor's title. 55 Am.Jur.2d, Mortgages, 241." Bond v. Benning, 175 Conn. 308, 314,398 A.2d 1158 (1978). It is therefore found that the defendant may not contest the decedent's equitable title to the subject proper
It is noted, however, that defendant, in her answer, pleads facts which if proven will establish that she has legal title in the subject property.[2] Although defendant does not label these facts as a "special defense", it is clear that the court should consider interpreting defendant's affirmative allegations in her answer as a special defense to the plaintiff's action. See Swenson v. Dittner, 183 Conn. 289, 295 n. 3, 439, A.2d 334 (1981) (suggesting some degree of leniency towards pro se defendants "in order . . . that the real issues in controversy may be presented and determined").
During the trial, plaintiffs called the following witnesses on the issue of the debt and of the mortgage's validity: Mary Divigard, former spouse of decedent; William Kowalski, friend of deceased; and Paul Summa, business associate and close friend of deceased. These witnesses all testified that the decedent told them that the mortgage in question was a paper mortgage, made without consideration and solely for protection from creditors. Plaintiffs also offered into evidence an inventory of the estate of Fred Divigard, Sr., father of the decedent and a named mortgagee on the subject mortgage (Plaintiffs' Exhibit E), and the final accounting of the estate of Fred Divigard, Sr. (Plaintiff's Exhibit CT Page 10424 F). Plaintiffs offered Exhibits E F to show that defendant Carmella Petrario, the fiduciary of the estate of Fred Divigard, Sr., did not designate the subject mortgage as a claim or asset of the estate of Divigard, Sr.
Defendant Carmella Petrario offered into evidence the following documents as proof of a valid mortgage and note: a certified copy of the mortgage deed (Defendant's Exhibit 1), the sworn financial statements of decedent Fred Divigard, Jr., dated September 26, 1979 and July 29, 1980 (Defendant's Exhibits 2 3), releases of a subsequent mortgage dated August 5, 1965 and March 1968 (Defendant's Exhibits 4 5), a copy of a court file docket sheet from 1968 (Defendant's Exhibit 6), a letter dated August 9, 1991 (Defendant's Exhibit 7), and a certified copy of a debenture (Defendant's Exhibit 8). At trial defendant Petrario testified that Fred Divigard, Sr., the now deceased father of both the defendant and decedent, loaned to Fred Divigard, Jr. monies in excess of $100,000.00. Defendant further testified that on January 2, 1970 Fred Divigard, Sr. loaned $25,000.00 to the decedent intending that it be repaid as evidenced by the debenture and mortgage deed (Defendant's Exhibits 8 and 1).
While the plaintiff has produced many witnesses on the issue that the mortgage deed and note executed by the decedent was only a paper mortgage and was given solely for the purpose to protect his property from creditors, the Court does not find this testimony to be credible and further finds that the plaintiff has failed in its burden of proof on its complaint to quiet title.
In her answer and counterclaim defendant claims that she has an interest in the subject property by way of a mortgage and note recorded on March 11, 1970 in the Milford Land Records, Vol. 640 at pages 157, 158, 159 and 160. Defendant claims that the consideration for the mortgage and note is $109,427.75 which was loaned to the decedent by decedent's father, Fred Divigard, Sr., from the year 1957 to 1970. Defendant further alleges that these loans resulted in the execution of a mortgage and note on March 11, 1970 naming as mortgagees Fred Divigard, Rose Divigard, and Carmella Petrario, (decedent's father, mother, and sister). The mortgage deed provides that the decedent is indebted in the amount of $25,000.00 with interest at the rate of 3/4 of 1% per month. The signature at the end of the document is that the decedent, Fred J. Divigard (Defendant's Exhibit 1).
In the absence of evidence to the contrary the presumption CT Page 10425 obtains that a note and the mortgage securing it are valid and the party denying their validity assumes the burden of proof. First National Bank v. National Grain Corp., 103 Conn. 657, 662,131 A.2d 404 (1925). "[T]he recital of consideration acknowledged as received is prima facie evidence of the fact recited." Taft Realty Corp. v. Yorkhaven Enterprises, Inc., 146 Conn. 338, 342,150 A.2d 597 (1959). A party having alleged that it received no consideration for entering into these agreements, has the burden of proof on the matter. Id.
Because the deed acknowledges the receipt of $25,000.00 consideration, the plaintiffs have the burden of proof on the issue of the validity of the mortgage and underlying debt.
At trial and in their post trial brief, plaintiffs raised the issue of whether a mortgagee must produce the original note in order to recover in an action on the note or the mortgage deed.
"[A] mortgage deed secures a debt, not a note." Iamartino v. Avallone, 2 Conn. App. 119, 123, 477 A.2d 124 (1984), citing Bolles v. Chauncey, 8 Conn. 389, 391-92 (1831) (holding that the note is merely evidence of the debt). "It matters not how the debt might be evidenced. The note might be merged in a judgment; or it might be given up, and a new note substituted; and still the debt remains unpaid; still the condition of the deed be unperformed." Bolles, supra, 392 (Emphasis in original). As between the original parties . . . a promissory note is nothing more than a written contract for the payment of money. Appliances, Inc. v. Yost,181 Conn. 207, 210-22, 435 A.2d 1 (1980) (applying fundamental rules governing contract law), citing Uniform Commercial Code 3-119, comment 3.
Where the issue of title or ownership is directly involved, the best evidence or the proper way to prove title is by the production of the original documents or certified copies from the records. Bond, supra, 312. "[T]he best evidence rule `at common law [however] is a preferential, rather than an exclusionary rule'" Brookfield, supra, 12, quoting Comment on Rule 602 Clause (a) of the Model Code of Evidence (American Law Institute) p. 301). Therefore the contents of a document may be proved by primary or secondary evidence. When secondary evidence is produced to establish the contest of a lost document "a party must demonstrate both (a) the former existence and the present unavailability of the missing document, and (b) the contents of the missing document." Connecticut Bank Trust Co. v. Wilcox, 201 Conn. 570, 573, CT Page 10426518 A.2d 928 (1986)[3]. "In any dispute concerning the existence, less or terms of a missing document, it is appropriate for the parties to bring to the court's attention whatever evidence, direct or circumstantial, written or oral, the trial court may find relevant and persuasive." Id., 575.
Defendant claims in her pleadings and testified at trial that there was a loan made to the decedent and a note was executed as evidence of the debt. The evidence of the debt is further evidenced by the certified copy of the mortgage deed from the land records with the terms of the note referenced therein (Defendant's Exhibit 1).
It is noted that the court may find and does find that the defendant presented either sufficient primary or secondary evidence of the debt by submitting the certified copy of the mortgage deed with referenced note, and testifying to the existence of the debt and the note.
As a defense to defendant's counterclaim, plaintiffs pleaded that the defendant's claim is barred by General Statutes 45a-363(b) and 45a-364 for failing to seek review of the Executor's denial of defendant's claim.
General Statutes 45a-353 et seq. concern presentation of claims against a decedent's estate. Section 45a-357, known as the Nonclaim Statute, provides that any creditor who fails to present a claim within the time specified for the notice to creditors is barred from asserting or recovering on such claim. Sections 45a-363(b) and 45a-364 concern review of rejected claims by the superior court and probate court respectively.
In the present case, the following evidence was presented on direct examination of plaintiff Charles Needle.
Charles Needle is the Executor of the estate of Fred Divigard (Plaintiffs' Exhibit A, copy of certificate of appointment). Defendant presented a claim against the estate (Plaintiffs' Exhibits B and C, photocopy of mortgage and letters of claim). The Executor rejected the claim (Plaintiffs' Exhibit D, letters of rejection). Upon rejection of the claim, defendant did not file a claim for review or institute a foreclosure action.
"[T]he presentation of a claim is not necessary when that claim is to an interest in real estate owned by a decedent at the CT Page 10427 time of his death and forming part of his estate." Dennen v. Searle, 149 Conn. 126, 140, 176 A.2d 561 (1961); see also Padula v. Padula, 138 Conn. 102, 107-08, 82 A.2d 362 (1951). "[I]t is not essential for a mortgagee to present a claim to the administrator of the estate of his mortgagor in order to enforce his interest in the mortgaged property, although his right to recover on the mortgage note is barred unless a claim has been presented." Padula, supra 106-07. In addition, General Statutes 45a-266
provides that any property which is part of the decedent's estate and is subject to a lien or security interest at death, passes to the distributee subject to that encumbrance. The fiduciary is not required to discharge the lien or debt out of estate assets prior to distribution. General Statutes 45a-266(a).
Although there is evidence that the defendant presented her claim on the mortgage deed to the Executor and did not seek review of the rejection of that claim, it is found that defendant's alleged interest has not been extinguished in that presentment is no required by a mortgagor in order to enforce interest in real estate.
Upon all the evidence present, the Court finds:
1) that the mortgage deed and note executed by the decedent is valid.
2) that the defendant Carmella Petrario has a valid interest in the mortgage deed and note.
3) that such interest was not extinguished by the defendant's failure to enforce her interest in the real estate after rejection of her claim by the Executor, Charles Needle.
4) that the plaintiff has failed to prove for any reason the mortgage deed and note was invalid.
Accordingly, on the issue raised in the complaint, judgment shall enter in favor of the defendant with cost.
On the issue raised in the counterclaim, judgment shall also enter in favor of the defendant Carmella Petrario.
McGrath, J. CT Page 10428