JOHN ACKLEY *v.* HERBERT W. KENYON ET AL.

THEODORE R. ACKLEY *v.* HERBERT W. KENYON ET AL.

JAMES A. BATCHELL ET AL. *v.* ZONING COMMISSION OF THE TOWN OF GROTON ET AL.

LESLIE E. HORTON ET AL. *v.* ZONING COMMISSION OF THE TOWN OF GROTON ET AL.

CHRISTOPHER MULLANEY *v.* ZONING COMMISSION OF THE TOWN OF GROTON ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued January 7—decided February 9, 1965

*Howard J. Maxwell,* with whom was *W. Harmon Leete,* for the appellants (plaintiffs).

*John C. Dennis,* for the appellees (defendants).

SHANNON, J. This is an appeal by the plaintiffs in five actions in which injunctive relief was sought and denied. By stipulation, the cases were consolidated for trial and joint judgment.

The principal plaintiffs, John and Theodore R. Ackley, had operated a trailer park on Poquonnock Road in the town of Groton before June 22, 1957, when the zoning commission of Groton adopted regulations which prohibited trailer parks within the town. The Ackleys' use became a nonconforming use on that date. The park's nonconforming status was confirmed by the Court of Common Pleas in New London County in two cases tried together and decided on June 2, 1958, *Frattali* v. *Ackley,* No. 15508, and *Groton* v. *Ackley,* No. 15348. It is the scope and meaning of that joint judgment which is in issue on the present appeal.

The plaintiffs concede that the prior judgment restricted the trailer park activities to less than the full area of the original tract of thirty-eight and one-half acres. This fact is based on the Ackleys' "Plan Showing the Layout for a Trailer Park", which was before the court in the 1958 cases. The specific question presented is whether, by the decision in the 1958 cases, the Ackleys were limited to the area outlined in the plan or were further limited to the ninety-two trailer spaces which were plotted on the plan. The present action grows out of a directive from the Groton zoning commission to the Ackleys ordering them to reduce the number of trailers now in the park from 106 to 92. The commission argues that the 1958 judgment put a ceiling of ninety-two spaces on the area designated by the Ackleys' plan.

The parties concede that the judgment in 1958 is res judicata with respect to any claims relating to the cause of action which were actually made or might have been made. *Bridgeport Hydraulic Co.* v. *Pearson,* 139 Conn. 186, 196, 91 A.2d 778. The plaintiffs attach great weight to the court's memorandum of decision wherein it refers to the plan and the area without specific reference to the number of trailer spaces laid out on the plan or to the trailers actually on the land. Although the language lacks the specificity which would make that judgment conclusive of the issue here, we note that the court was quite clear when it concluded that "the utilization of a portion of the land as limited by the plan would be a reasonable restriction of the defendants' use of the land for a non-conforming use." Without our becoming entwined in the nuances of syntax, it is logical to see that having already restricted the statement to "a portion of the land," that is,

less than the thirty-eight and one-half acres, the further comment "as limited by the plan" could only have reference to the number and layout of spaces on the plan. Such a construction is borne out by the remainder of the memorandum of decision, read in context, and in particular, by the following statement: "The actual use being made of the premises was the business of leasing spaces for the occupancy of trailer homes, the number of such homes [being] limited in accordance with reasonable standards of needed space in the available area, as set out in the particular plans for the trailer park prepared by a competent engineer." This is not the general statement which the plaintiffs would have this court believe. The statement was made in the context of a claim by the town that the trailer park should have been limited to the number, either twenty-four or thirty-six, of trailers actually in place and not to the number of spaces laid out. The court decided otherwise and gave the Ackleys permission to use the full complement of ninety-two spaces. Under the regulations and law governing the extension of nonconforming uses, the Ackleys were thereby limited to ninety-two spaces. Cf. *Guilford* v. *Landon,* 146 Conn. 178, 182, 148 A.2d 551.

Even if we were to agree that the memorandum of decision in the 1958 cases is ambiguous or unclear, the record in those cases, which was made a fact in the present controversy by stipulation of the parties, is convincing evidence that the issues decided there included the number of spaces to be permitted and that that number would thenceforth be ninety-two. That we are permitted to construe a prior judgment and decision in the light of its record is beyond argument. *Tolman* v. *McLay,* 114 Conn.

98, 101, 157 A. 647; *Bock* v. *Meriden Trust & Safe Deposit Co.*, 135 Conn. 94, 98, 60 A.2d 918.

The plaintiffs further contend that even if the Ackleys were limited to ninety-two spaces by the 1958 decision, the defendants are estopped from invoking this restriction for the following reasons: (1) The Ackleys expanded their facilities to 106 spaces in good faith. (2) The town of Groton, through its director of health, knew when the development of each additional lot was completed and issued a permit for each lot. (3) For two and one-half years, the town permitted the Ackleys to expend much time and money in the expansion. (4) The Ackleys ceased work at the request of the zoning inspector but were permitted to resume work when they were informed that the town attorney, by letter dated November 21, 1960, considered that they were limited only as to area and not as to number.

The town attorney reversed his decision, however, in a letter of December 5, 1960. Shortly thereafter the Ackleys ceased work again. On January 6, 1961, a notice was sent to the Ackleys, pursuant to a vote of the zoning commission, ordering them to "cease and desist from any further expansion at . . . [the] trailer park and to comply with the regulations by reducing the number of trailers to the permitted (91) [sic] units."[1]

The zoning commission was not estopped from issuing the January 6, 1961, notice. Erroneous action on the part of zoning officials of the town in not enforcing the regulations could not have raised a bar to their present enforcement, let alone be the basis for the granting of the injunctions now being

---

[1] The parties agree that ninety-two units is the correct designation.

sought by the plaintiffs. *Hebb* v. *Zoning Board of Appeals,* 150 Conn. 539, 542, 192 A.2d 206; *Wallingford* v. *Roberts,* 145 Conn. 682, 685, 146 A.2d 588; *State* v. *Metrusky,* 140 Conn. 26, 30, 97 A.2d 574. Further, it has not been shown that the plaintiffs were damaged by the town's inaction. For an undetermined period, the Ackleys were permitted to use and derive income from up to fourteen spaces more than were allowed on the premises. An estoppel rests on the misleading conduct of one party which operates to the prejudice of another. *Franke* v. *Franke,* 140 Conn. 133, 139, 98 A.2d 804; *MacKay* v. *Aetna Life Ins. Co.,* 118 Conn. 538, 548, 173 A. 783. The two letters of the town attorney, spaced as they were only two weeks apart, were not shown to have operated to the serious detriment of the plaintiffs. Prejudice in any other respect has not been shown. Above and beyond any prejudice which might have been found in this case is the general rule that the law of estoppel will not be applied to prevent a municipality from exercising its police power. *State* v. *Stonybrook, Inc.,* 149 Conn. 492, 501, 181 A.2d 601; 38 Am. Jur. 375, Municipal Corporations, § 668; note, 1 A.L.R.2d 338, 349; see *Pallman* v. *East Haven,* 135 Conn. 593, 594, 67 A.2d 560.

There is no error.

In this opinion the other judges concurred.