[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The original plaintiff, Merrill Lynch Equity Access, Inc. (MLEA or Merrill Lynch) commenced this action on January 7, 1986, to foreclose upon a note and mortgage issued to the defendants, Leon and Mary Cooper (the Coopers).[1] Also named as defendants are Citytrust and Fleet National Bank (Fleet).
On October 27, 1983, MLEA and the Coopers executed a credit agreement and a note for an open-end credit account secured by a mortgage on the Coopers' residence.[2] On February 12, 1985, the Coopers defaulted on the MLEA credit agreement. On January 7, 1986, MLEA commenced this foreclosure action. Citytrust was named as a defendant because of its second mortgage on the Coopers' residence. Fleet, as a junior encumbrancer, was also named as a defendant to the action.[3]
In response to MLEA's complaint, the Coopers filed an answer and a counterclaim in which they alleged that they sustained damages because MLEA wrongfully refused to refinance the Coopers' note and mortgage prior to initiating the foreclosure proceeding. The Coopers also filed crossclaims against Citytrust and Fleet. The Coopers allege that Citytrust breached its loan commitment, thereby causing the Coopers to default on their credit agreement with MLEA. In support of their vexatious litigation crossclaim against Fleet, the Coopers allege that Leon Cooper had a credit card agreement with Coolidge Bank Trust Co. of Cambridge, Massachusetts, and that Fleet sued "illegally" on the debt "belonging to Coolidge."[4] On July 25, 1986, a default was entered against Fleet for failure to plead in response to the Coopers' crossclaim.
On July 6, 1989, the Coopers paid the balance due to MLEA, and as a result, on July 27, 1989, MLEA withdrew its complaint against the Coopers. On or about July 6, 1989, the Coopers also paid the balance due to Fleet on the judgment lien. Thus, while the foreclosure aspect of this case was resolved in July 1989, when the Coopers refinanced their residence and paid off the various encumbrances, the Coopers nevertheless continue to pursue their crossclaim against Fleet. CT Page 1414-JJJ
The Coopers, or more properly Leon Cooper, has moved for summary judgment (#336) on their crossclaim against Fleet. Fleet has filed a motion to open the default that entered on July 25, 1986 and has filed a memorandum in opposition to the motion for summary judgment.
 I.
In support of its motion to open the default, Fleet argues: (1) that the default entered due to an "oversight" by an attorney who was representing Fleet in 1986; (2) that it has a good and valid defense to the Coopers' crossclaim; and (3) that opening the default will not result in delay or prejudice to the Coopers. In response, the Coopers argue that the motion granted on July 25, 1986 was a motion for judgment, and that over nine years have elapsed between the time that judgment entered and the time that Fleet filed its motion to open.
The court must first determine the nature of the motion that was granted on July 25, 1986, as the parties dispute the nature and effect of the court's order. The pleading in question, filed by the Coopers on March 5, 1986, is entitled "motion for default judgment." The court granted the motion on July 25, 1986 without specifically stating whether it was granting a motion for default for failure to plead, or whether it was rendering judgment upon the default.
General Statutes § 52-119 provides that "[p]arties failing to plead according to the rules and orders of the court may be nonsuited or defaulted, as the case may be." Practice Book § 363A provides that: "Where a defendant is in default for failure to plead . . . the plaintiff may file a written motion for default which shall be acted on by the clerk upon filing. . . . If a party who has been defaulted under this section files an answer before a judgment upon the default has been rendered by the court, the clerk shall automatically set aside the default. If a claim for a hearing in damages or a motion for judgment has been filed the default may be set aside only by the court."
On July 25, 1986, the court granted the "motion for default judgment for failure to plead" without specifying whether it was granting a motion for default or granting a CT Page 1414-KKK motion for judgment. A review of the file discloses that the Coopers' "motion for default judgment for failure to plead" was not preceded by a motion for default, nor was it followed with a subsequent motion for judgment. Under the rules of practice, the court may simultaneously enter a default and render a judgment upon the default only in foreclosure, summary process and liquidated damages cases. Practice Book § 364(b). While the present case started as a foreclosure case, with Merrill Lynch seeking to foreclose upon the Coopers' first mortgage, the Coopers' crossclaim against Fleet is not a foreclosure claim or a summary process claim, or a claim for liquidated damages. Because this case involves a crossclaim for vexatious litigation, it would be improper for the court to grant a motion for default for failure to plead and simultaneously enter judgment on the default. A superior court decision must be examined in context; StamfordApartments Co. v. Stamford, 203 Conn. 586, 591, 525 A.2d 1327
(1987); Ackley v. Kenyon, 152 Conn. 392, 395, 207 A.2d 265
(1965); and in such a manner consistent as to uphold its validity. Horton v. Meskill, 172 Conn. 615, 639, 376 A.2d 359
(1977). Accordingly, the court interprets the order filed on July 25, 1986 as one in which default entered against Fleet for failing to plead in response to the Coopers' crossclaim, as opposed to an order which improperly entered judgment against Fleet.
Because judgment has not entered against Fleet and because the Coopers never filed a proper motion for judgment,[5]
Fleet may avail itself of the procedure contained in Practice Book § 363A for opening a default. Practice Book § 363A provides in pertinent part that "[i]f a party who has been defaulted under this section files an answer before a judgment upon the default has been rendered by the court, the clerk shall automatically set aside the default." Fleet filed an answer to the crossclaim on November 22, 1995. Since the clerk has not yet automatically set aside the default, the court grants Fleet's motion to open the default.[6]
 II.
"Summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Practice Book § 384. `In deciding a motion for summary CT Page 1414-LLL judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such an issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment].' (Citations omitted; internal quotation marks omitted.) Water Way Properties v. Colt'sMfg. Co., 230 Conn. 660, 664-65, 646 A.2d 143 (1994). Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment. See Practice Book § 381." Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202-03, 663 A.2d 1001 (1995).
"`In evaluating the propriety of a summary judgment, we are confined to an examination of the pleadings and affidavits of the parties to determine whether (1) there is no genuine issue as to any material fact, and (2) the moving party is entitled to judgment as a matter of law.' (Internal quotation marks omitted.) Broadley v. Board of Education, 229 Conn. 1, 4
n. 7, 639 A.2d 502 (1994)." Miller v. United TechnologiesCorp., 233 Conn. 732, 745, 660 A.2d 810 (1995). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way. Haesche v. Kissner, 229 Conn. 213,216, 640 A.2d 89 (1994). `The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . [A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party.' (Citations omitted; internal quotation marks omitted.)Batick v. Seymour, 186 Conn. 632, 647-48, 443 A.2d 471 (1982). `[A] directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant,
the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed.' (Emphasis added.) United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 380, 260 A.2d 596 (1969). The facts as well as the evidence must be viewed in the light most CT Page 1414-MMM favorable to the nonmoving party. Rawling v. New Haven,206 Conn. 100, 104, 537 A.2d 439 (1988). The burden of proof is on the moving party and the standards of summary judgment are strictly and forcefully applied. D.H.R. Construction Co. v.Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980)." Miller v.United Technologies Corp., supra, 233 Conn. 751-52.
In moving for summary judgment on their crossclaim against Fleet, the Coopers argue that they are entitled to summary judgment because a default judgment entered against Fleet on July 25, 1986 based on Fleet's failure to plead in response to the crossclaim. The Coopers further argue that Fleet "sued illegally on a credit card debt belonging to Coolidge," and that Fleet never had a banking relationship with the Coopers.
In response, Fleet argues that a motion for summary judgment is not the proper vehicle for obtaining judgment on an existing default for failure to plead. Fleet further argues that the Coopers have failed to carry their burden of showing that there are no genuine issues of material fact because: (a) there are numerous factual issues with respect to whether the damages claimed were proximately caused by Fleet's acts; (b) the Coopers' allegations are insufficient as a matter of law; and (c) to the extent that the Coopers' claim against Fleet sounds in vexatious litigation, the Coopers have failed to show that prior litigation terminated in their favor.
The Coopers' first argument in support of their motion for summary judgment must fail since this court has set aside the default. With respect to the argument that Fleet "sued illegally on a credit card debt" that belonged to another entity, the Coopers have failed to present any evidence or authority as to why Fleet's action to collect the credit card debt was "illegal," or why Fleet, being an assignee or successor corporation or servicer, could not bring an action to collect the debt.
Furthermore, as argued by Fleet, an essential element of a viable claim for vexatious litigation is that a previous lawsuit terminated in favor of the claimant. Blake v. Levy,191 Conn. 257, 263, 464 A.2d 52 (1983). The Coopers have failed to both plead and prove this essential element of their claim. CT Page 1414-NNN
Accordingly, the court denies the Coopers' motion for summary judgment (#336). Since Fleet has now answered the Coopers' crossclaim, the Coopers are ordered to file a reply to Fleet's special defenses within fifteen days. Dispositive motions accompanied by proper documentation shall be filed by the parties by March 18, 1996.
BY THE COURT
Bruce L. LevinJudge of the Superior Court