[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Robert A. Higley and Virginia C. Higley, appeal from a decision of the defendant, the Zoning Board of Appeals of the Town of Somers (ZBA), to uphold a cease and desist order issued by the Somers Zoning Enforcement Officer (ZEO). For the reasons stated below the appeal is dismissed.
 Background
The plaintiffs own the property at 111 George Wood Drive, Somers, Connecticut and have used the property, in addition to other uses, as a contractor's yard. (Appeal, October 28, 1998, ¶¶ 1, 2). On June 1, 1998, James Taylor, the zoning officer (ZEO), issued a cease and desist order, notifying the plaintiffs that they were in violation of various Somers' zoning regulations due to the "[k]eeping of storage trailer, storage of boat, storage of earth products, drainage and operation of a non-permitted contractor's yard." (Return of Record [ROR], Item 2). The plaintiffs appealed the issuance of the cease and desist order to the ZBA on or about June 10, 1998.[1] (Appeal, October 28, 1998, ¶ 4). On August 12, 1998, the ZBA conducted a public hearing on the plaintiffs' appeal. (ROR, Items 3-B, 6-B). On October 8, 1998, the ZBA, in a 3-2 vote, acted to uphold the ZEO's order, stating in its legal notice that "[t]he majority of the board believes that the present use being conducted on the Higley's property . . . falls outside the February 5, 1990 Zoning Commission's approval ruling of the pre-existing non conforming use." (ROR, Items 5-E, 6-C).
The following brief history of the subject property is necessary for a fuller understanding of the issues on appeal. In 1967 the ZBA granted a variance for the property, upon condition that, "[o]nly new equipment [was] to be displayed in the front of the property. . . . [t]he place must be kept clean . . . [n]o junk on the property. . . . [and] [c]an only have or show farm equipment, light construction equipment, lawn and garden equipment and supplies." (ROR, Item 8-B)[2] Prior to this variance, the property was used as a welding shop. (ROR, Item CT Page 16917 8-E). In 1990, the plaintiff, Robert Higley, through his attorney and immediately prior to purchasing the property, submitted evidence of the continued welding operations on the property to the zoning commission upon their request. The plaintiff represented to the board that he "would not be operating the welding shop for the public but for his own use since he owns a contracting business with five or six pieces of equipment."(ROR, Item 8-C)[3]. At this time, the Zoning Commission voted to approve the "continued non-conforming use at 111 George Wood Road." (ROR, Item 8-C).
In the years following the 1990 decision, Veronica and Joseph Kasperzak, abutting land owners, made several complaints to the town authorities concerning the activities conducted on the property, as well as complaints as to its general appearance. (ROR, Item 8-Q). The minutes from the Zoning Commission meeting on April 15, 1991, show that the board determined that "[a]lthough a neighbor is complaining about the activity at this site, Mr. Boisvert [(the previous ZEO)] contends it is a legal non-conforming activity." (ROR, Item 8-F). On June 13, 1991, the ZEO stated, "the aforementioned business is legally grandfathered and we contend it is less of a permitted nonconforming activity at this point in time." (ROR, Item 8-H).
The Zoning Commission's minutes from May 1, 1995 indicate that they received a request from Mrs. Kasperzak asking for a cease and desist order. (ROR, Item 8-M). At that time, the commissioner noted, "[a]lthough this is an A-1 zone, this business was grandfathered as a welding business before new zoning regulations went into effect. . . . Mr. Higley uses this area for storage of his construction equipment and the only welding done is to keep his equipment in good repair. . . . Attorney Landolina stated that the use of the property should be referred to as a legal nonconforming use which has been determined by the town to be acceptable." (ROR, Item 8-M).
The Zoning Commission's meeting minutes from November 6, 1995 state that, "Mark Jones advised Mrs. Kasperzak that all material relevant to her objection to a business at 111 George Wood Road has been reviewed by both the current Zoning Commission and the Town Attorney. Per the recommendation of the Town Attorney, there will be no further action taken by the Zoning Commission on this matter." (ROR, Item 8-o). The complaints have continued throughout the years and have culminated in a cease and desist order, upheld by the ZBA, which is the subject of this appeal. CT Page 16918
 Jurisdiction and Aggrievement
"Under General Statutes § 8-8 (b), any person aggrieved by a decision of a municipal zoning or planning board has a right to appeal to the Superior Court." Willimantic Car Wash, Inc. v.Zoning Board of Appeals, 247 Conn. 732, 734 ___ A.2d ___ (1999). "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." Bridgeport Bowl-O-Rama, Inc. v. Zoning Board ofAppeals, 195 Conn. 276, 283, 487 A.2d 559 (1985). "[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiffs appeal."Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192,676 A.2d 831 (1996). An owner of the subject property is aggrieved and entitled to bring an appeal. Winchester Woods Associates v.Planning Zoning Commission, 219 Conn. 303, 308, 592 A.2d 953
(1991). In the present case, the plaintiffs allege that they "are the owners of the property that is the subject of the Order and the ZBA's Decision." (Appeal, October 28, 1998, ¶ 9). In addition, the record contains a town property tax card designating the plaintiffs as the owners of the property. (ROR, Item 2). Therefore, the court may find that the plaintiffs have standing to maintain this appeal. Further the court finds that the decision from which the plaintiffs appeal was published on October 16, 1998 and that the service of process was both timely and proper.
 Statement of Law
"[F]ollowing an appeal from the action of a zoning enforcement officer to a zoning board of appeals, a court reviewing the decision of the zoning board of appeals must focus, not on the decision of the zoning enforcement officer, but on the decision of the board and the record before the board." Caserta v.Zoning Board of Appeals, 226 Conn. 80, 82, 626 A.2d 744 (1993). "Where a zoning agency has stated its reasons for its actions, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations." Id., 86-87. "Under this traditional and long standing scope of review, the proper focus of a reviewing court is on the decision of the zoning agency and, with regard to its factual determinations, on the evidence before it that supports, rather than contradicts, its decision." Id., CT Page 16919 87. "When a zoning authority has stated the reasons for its actions, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision. . . . Furthermore, on factual issues material to the reasons for the [board's] decision, the credibility of witnesses is within the province of the [board]." (Citations omitted.)Whisper Wind Development Corporation v. Planning ZoningCommission, 32 Conn. App. 515, 523, 630 A.2d 108 (1993), aff'd.,229 Conn. 176, 640 A.2d 100 (1994).
"[The court] should be cautious about disturbing the decisions of the local board where it appears that an honest judgment has been reasonably and fairly exercised after a full hearing." Rocchi v. Zoning Board of Appeals, 157 Conn. 106, 110,248 A.2d 922 (1968).
 Discussion
The plaintiffs appeal on the ground that the action of the ZBA was illegal, arbitrary and in abuse of discretion for several reasons. The plaintiffs claim in their appeal that the ZBA erred in refusing to consider the prior acts of zoning officials as evidence allowing a contractor's yard on the property. The plaintiffs argue that the "ZBA's decision is arbitrary, capricious and an abuse of discretion because it violated [General Statutes] § 8-7 by giving complete deference to the ZEO's order and not considering the prior decisions of the town zoning authorities to allow the plaintiffs to store construction equipment on the property." (Plaintiffs' Brief, page 13). The ZBA determined that the prior decisions of the town zoning authorities were opinions and not legal authority. (ROR, Item 6-C). The ZBA can weigh such evidence as it deems appropriate. The ZBA found that the only relevant ruling having legal authority and pertaining to the property was the zoning commission's approval in 1990 of the "continued non-conforming use of the premises as a welding operation" and the present cease and desist order. (ROR, Item 6-C, page 4-5). The attorney for the plaintiffs stated: "It's irrelevant what transpired prior to February nineteen ninety." (ROR; Item 6-B, page 37). Although the plaintiffs place great emphasis on the zoning commissions' meeting minutes as well as various items of correspondence, such items are not legally binding because they did not result from a hearing where evidence was presented and a finding was made. The record discloses evidence supporting the ZBA's finding that the zoning commission's and the ZEO's correspondence referring to the CT Page 16920 approval of the property as a contractor's yard was either erroneous or did not have the effect of a legally binding decision. (ROR, Item 6-C). As Chairman Torres of the ZBA noted, "between [the 1990 decision] and the issuance of [the] cease and desist, anything that was done regarding that property was just opinions, but nothing to substantiate, or a vote or a decision that can be challenged." (ROR, Item 6-C, page 5). Additionally, Chairman Torres stated: "[T]he ZEO had an opinion in that letter. . . . based on the facts he had at that time. . . . at that time, he didn't have the same facts as he had when he issued the cease and desist. . . . he didn't research. . . . [A]ll these statements that were being made are just opinions. They don't have any substance to them to say that they're a directive or there's any meat in them. It's just an opinion by an individual." (ROR, Item 6-C, page 22-23). Chairman Torres also noted: "When [the ZEO] issued this letter, it was based on the information he had at that time. He was going along with other people's opinions with what was going on. . . . And when he did a search back to see what was going on there, that's when he discovered that the statement he made here was incorrect." (ROR, Item 6-C, page 4).
In Ackley v. Kenyon, 152 Conn. 392, 207 A.2d 265 (1965) the Connecticut Supreme Court addressed a situation factually similar to that of the present appeal. In Ackley v. Kenyon, the Connecticut Supreme Court emphasized that, "[e]rroneous action on the part of zoning officials of the town in not enforcing the regulations [does] not [raise] a bar to their present enforcement . . . ." Ackley v. Kenyon, supra, 152 Conn. 392,396-97. In that case, the plaintiffs had operated a trailer park before the adoption of zoning regulations. This use of their property then became nonconforming, and this status was confirmed by a judgment in 1958. There was controversy surrounding the permitted size of the trailer park, and although the trial court held that the plaintiffs were limited to 92 trailer spaces, the plaintiffs claimed that the defendants were estopped from invoking this restriction due to subsequent acts by the town and its officials. Id. The plaintiffs claimed that "for two and one-half years, the town permitted the [plaintiffs] to expend much time and money in [expanding the park]" and the plaintiffs "ceased work at the request of the zoning inspector but were permitted to resume work when they were informed that the town attorney, by letter . . . considered that they were limited only as to area and not as to number. The town attorney reversed his decision, however, in a [subsequent] letter . . . ." Id., 396. Soon after, the zoning commission issued a cease and desist CT Page 16921 order. The court held that "[t]he zoning commission was not estopped from issuing the . . . notice." Id. The court held that the erroneous decisions of the town officials, including the town's failure to enforce its regulations as well as erroneous letters by the town attorney approving of the use, did not estop the zoning commission from issuing a cease and desist order. The Supreme Court in Russo v. East Hartford, 179 Conn. 250 (1979). again citing Ackley v. Kenyon, stated "It is a well established rule of law that a municipality's delay in enforcing a regulation will not estop it from exercising its police powers. Ackley v. Kenyon, 152 Conn. 392, 397, 207 A.2d 265 (1965); State v. Stonybrook, Inc., 149 Conn. 492, 501, 181 A.2d 601 (1962); 56 Am.Jur.2d, Municipal Corporations 421." Russo v. East Hartford,
supra, 179 Conn. 250, 259. Similarly, here, the court finds that neither letters written by the town attorneys nor the prior ZEO's failure to enforce the zoning regulations precluded the issuance of the cease and desist order that is the subject of this appeal.
The plaintiffs further appeal on the ground that the ZEO and the ZBA had no jurisdiction in the matter because the appropriate zoning officials had previously acted on the matter in favor of the plaintiffs. The plaintiffs state in their brief that "the ZBA's decision is arbitrary, capricious and [an] abuse of discretion because it improperly reversed the final decisions and actions of the prior zoning authorities with jurisdiction over the matter." (Plaintiffs' Brief). The ZBA did not reverse any "final decisions" but rather determined that the prior ZEO erred in not enforcing the zoning regulations. Additionally, the ZBA determined that correspondence and zoning commission meeting minutes indicating approval of the property as a contractor's yard were not final decisions but rather legal opinions. (ROR; Item 6-C, pages 6-9). The record supports the ZBA's finding and contains a letter from two attorneys stating: "The May 17, 1993, response however does not rise to the level of an order, requirement or decision as contemplated by [General Statutes §] 8-6. To characterize this response as a decision would be to elevate form over substance. The actual decision in this matter was made by the Somers Zoning Commission on February 5, 1990." (ROR, Item 8-L, page 8). As stated previously, "[e]rroneous action the part of zoning officials of the town . . . could not have raised a bar to their present enforcement . . . ." Ackley v. Kenyon, supra, 152 Conn. 396.
The plaintiffs also argue in their brief that "the ZBA's decision is arbitrary, capricious and an abuse of discretion CT Page 16922 because . . . the ZEO and the ZBA cannot `bootstrap' on to the order in order to create an opportunity to review the activities." (Plaintiffs' Brief). The ZBA reviewed the activity on the plaintiffs' property in light of the 1990 granting of a variance. Its focus was not to review the use of the property ab initio but to review the activities in light of the 1990 zoning commission decision and to insure that the plaintiffs were adhering to the permitted use.[4] The prior ZEO's failure to issue a cease and desist order did not prevent the current ZEO from issuing the order from which the plaintiffs now appeal. The ZBA did not "create an opportunity to review the activities" but rather reviewed the use of the land in light of the 1990 zoning commission decision due to the appeal of the cease and desist order.
The plaintiffs state in their appeal that the ZBA's decision is not supported by sufficient evidence in the record of the public hearing. Furthermore, the plaintiffs argue in their brief that no substantial evidence exists to support the ZBA's decision that the only relevant acts were the 1990 decision and the cease and desist order, and that this position is defective because, inter alia, "the ZBA ignored expert opinion of the town attorney on the meaning of the 1990 decision." (Plaintiffs' Brief, page 33). The ZBA has not dismissed the prior opinions of the town attorneys and in fact, relied on them in ruling that an appeal brought by the Kasperzaks of the 1990 commission's ruling was untimely when brought in 1993. Specifically, the town attorney stated in a letter, "[s]ince the decision in this matter was actually made in 1990 no appeal may be brought at this time."
(Emphasis added.) (ROR; Item 8-L). Additionally, the town attorney stated that "[a]s long as the present use falls within the scope of the commission's approval, it is not up to this office or the present zoning commission to interfere. If the present use falls outside of the 1990 approval, then it is a matter for the zoning enforcement officer." Hence, the crux of the town attorney's opinions and letters was not that the plaintiffs' use of the property was permissible, but that an appeal of the 1990 decision was untimely. The plaintiffs, in their brief, state, "the ZBA ignored the town attorney opinions during the appeal hearing of the order. (Record #6c, p. 6.)." (Plaintiffs' Brief). The record discloses that the ZBA did not ignore the town attorneys in the instance cited by the plaintiffs but in fact agreed with the attorneys that previous appeals by the Kasperzaks were untimely.[5] (ROR, Item 6-C). CT Page 16923
In addition, the plaintiffs appeal on the ground that "[t]he ZBA made an arbitrary interpretation of the meaning of a contractor's yard in the absence of a definition of a contractor's yard in the Somers zoning regulations." (Appeal, October 28, 1998, ¶ 10 c.). The plaintiffs' attorney himself stated, "to bring [the term "contractor's yard"] down into lay-person's language, what that probably means is the storage of construction equipment and supplies." (ROR, Item 6-B, page 4). "In the absence of any more definitive explanation of the term in the board's local regulations, it is reasonable to refer to appropriate definitions in the general statutes and our case law." Reed v. ZBA, Town of Suffield, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 572091 (March 4, 1999, Maloney, J.). The term "contractor's yard" or "construction yard" is not defined in the zoning regulations. The ZBA formulated a reasonable definition of that term that is consistent with the interpretation of the term "contractor's yard" found in other Superior Court decisions. Here, the ZBA stated that, "[a] contractor's yard would be something that deals strictly with heavy equipment and earth moving materials and pipes, and anything that deals with construction. . . . Anything that deals with [the] constructing of buildings." (ROR, Item 6-B). This definition formulated by the board was neither arbitrary, illegal, nor an abuse of discretion as other superior court cases have defined a "contractor's yard" similarly. SeeKulas v. Arrington, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 342624 (July 11, 1991, O'Neill, J.) (court enjoined defendant from use of property as a contractor's yard and stated, "a contractor's yard [includes], but [is] not limited to the storage or parking of commercial vehicles, trucks, trailers, and equipment . . .");Mulvaney v. Planning and Zoning Commission, Superior Court, judicial district of Danbury, Docket No. 321461 (May 22, 1996,Mihalakos, J.) (court stated, "the plaintiff applied for a special permit to establish a contractor's yard on his land. . . . the proposed use would include a small office and equipment storage."). Given the foregoing, the ZBA could reasonably have found that the use of the plaintiffs' property exceeded the use as a welding shop and amounted to a contractor's yard.[6]
For all of the foregoing reasons, the appeal is dismissed.
Zarella, J. CT Page 16924