[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Michael and Margaret Ammirata, are the owners of a 2.56 acre parcel located at 145 Mountain Road in the Town of Redding.
The Ammiratas first occupied the premises in 1978 (ROR 26, p. 41), and took title to the property on July 20, 1982.
The property is located in a R-2 zone, formerly known as "Residential and Farming District A" (ROR 4).
Use of the property by the plaintiffs has been the subject of considerable attention by the Town of Redding and its various officials and departments. (ROR 4, 9, 10, 11, 14, 15, 16 17.).
On October 21, 1998, at the direction of the Redding Zoning Commission, Aimee Pardee, the town's zoning enforcement officer, wrote to the plaintiffs requesting that they file a Land Management Plan, and that any paddocks located on the property observe the 25 foot setback mandated by the zoning regulations. (ROR 20.)
The plaintiffs responded, through counsel, refusing to appear at the commission's October 28, 1998 meeting, or to submit a Land Management Plan. (ROR 21.)
On February 11, 1999 (Exhibit A), the zoning officer issued a cease and desist order to the plaintiffs, citing two alleged CT Page 313 violations of the zoning regulations: (1) the paddocks on the north end of the property are not in compliance with the 25 foot setback requirement; and (2) the failure of the plaintiffs to file a Land Management Plan.
The plaintiffs filed an appeal of the February 11, 1999 cease and desist order with the defendant, Zoning Board of Appeals, on February 25, 1999 (ROR 3), and a hearing was properly noticed and conducted on March 16, 1999. (ROR 26.)
The plaintiffs claim that they are not subject to the portion of the Redding Zoning Regulations, § IV E (2), which states:
 No corrals runs or similar enclosures shall be located closer than twenty-five (25) feet from adjacent property lines.
They make this claim based upon their allegation that the paddock on the north side of the property predated the adoption of the applicable regulation in 1975.
The plaintiffs further claim that the paddock area is a nonconforming "structure" which has existed for more than three years, and is therefore protected by the provisions of §8-13a (a)[1] of the Connecticut General Statutes.
In addition, the plaintiffs contend that no regulation governing setbacks for "paddocks" exists, and that the enclosure represents a pasture.
They also argue that even if the 25 foot setback provision is applicable, the Town of Redding is prohibited from enforcing its regulation based on the doctrine of municipal estoppel.
Concerning the request made of the plaintiffs to file a Land Management Plan, pursuant to § 5.14 of the zoning regulations, the plaintiffs maintain that their use of the property for animal husbandry prior to the adoption of the regulation in 1986, renders them exempt from its provisions, because they have a valid nonconforming use.
The defendant, Zoning Board of Appeals does not dispute the use of the property for animal husbandry prior to 1986.
The board claims, however, that a Land Management Plan is a means of reviewing the use of the property, and that the filing CT Page 314 requirement applies to all property owners, including those with valid nonconforming uses.
The plaintiffs further argue, that the provisions of §19a-341[2] of the General Statutes prohibits the imposition of a Land Management Plan.
 AGGRIEVEMENT
The plaintiffs are the owners of the property at 145 Mountain Road, which is the subject of the cease and desist order.
A party claiming aggrievement must satisfy a well established twofold test: (1) that party must show a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as concern of all members of the community as a whole; and (2) the party must demonstrate that his specific personal and legal interest has been adversely affected by the decision. Hall v.Planning Commission, 181 Conn. 442, 444 (1980; Primerica v. Planning Zoning Commission, 211 Conn. 85, 93 (1989).
Ownership of the property demonstrates a specific personal and legal interest in the subject matter of the decision. Huck v.Inland Wetlands Watercourses Agency, 203 Conn. 525, 530 (1987). The action of the Redding Zoning Board of Appeals, upholding the cease and desist order issued by the zoning enforcement officer on February 11, 1999, and thereby denying the plaintiffs' appeal, establishes that the plaintiffs' personal and legal interest has been specifically and injuriously affected.
The plaintiffs, Michael Ammirata and Margaret Ammirata, are aggrieved by the decision of the Redding Zoning Board of Appeals.
 STANDARD OF REVIEW
When determining an appeal from a decision of a zoning enforcement officer, a zoning board of appeals is endowed with liberal discretion. Caserta v. Zoning Board of Appeals,28 Conn. App. 256, 258 (1992). Its action is subject to review by a court only to determine whether the board acted arbitrarily, illegally or unreasonably. Lawrence v. Zoning Board of Appeals,158 Conn. 509, 514 (1969); Toffolon v. Zoning Board of Appeals,155 Conn. 558, 560 (1967).
A trial court must decide whether the board correctly CT Page 315 interpreted the regulations and applied those regulations with reasonable discretion to the facts. Pascale v. Board of ZoningAppeals, 150 Conn. 113, 117 (1962). A court may not substitute its judgment for that of the zoning authority, so long as the board's decision reflects an honest judgment, reasonably arrived at, based upon all the facts. Willard v. Zoning Board of Appeals,152 Conn. 247, 249 (1964); Jaser v. Zoning Board of Appeals,43 Conn. App. 545, 548 (1996).
The burden of proving that the zoning authority acted improperly is on the plaintiffs. Pleasant View Farms Development,Inc. v. Zoning Board of Appeals, 218 Conn. 265, 269-70 (1991).
 DECISION CONCERNING PADDOCK AREA SUPPORTED BY THE RECORD
The section of the Redding Zoning Regulations which is now § IV E (2) was adopted in 1975.
It requires a 25 foot setback for "corrals, runs or similar enclosures."
The board was justified in finding that a paddock is an "enclosure" covered by § IV E (2).
It is equally apparent that a paddock is not a "building" and therefore § 8-13a(a) of the General Statutes cannot be invoked to aid the plaintiffs.
The plaintiffs maintain that the use of the northern portion of the property as a paddock predated the 1975 regulation, and it therefore constitutes a pre-existing nonconforming use.
A nonconforming use is one that was in existence at the time the zoning regulation which made the use nonconforming was enacted. Cummings v. Tripp, 204 Conn. 67, 91 (1987).
While the plaintiffs presented documents reflecting the belief of some town officials that the paddocks had been in existence prior to the adoption of the 1975 regulation, no direct evidence was presented. (Exhibit C.)
The location and use of the paddock area was discussed in 1987, when the plaintiffs agreed to move the fence 25 feet from the property line. (ROR 11.) CT Page 316
The record contains sufficient evidence from which the zoning board of appeals could find that the paddock was built subsequent to the adoption of the 1975 regulation, and is therefore not a nonconforming use.
While the town may not have alleged a violation of the setback provision during legal action initiated against the plaintiffs (ROR 14), a delay in enforcing a regulation will not estop a municipality from exercising its police powers. Ackley v. Kenyon,152 Conn. 392, 397 (1956).
The Redding Zoning Board of Appeals' decision concerning the location of the paddocks at the northerly end of the property, finds ample support in the record.
 PLAINTIFFS MAY BE REQUIRED TO FILE A LAND MANAGEMENT PLAN
The plaintiffs contend that the provisions of § 5.14 of the Redding Zoning Regulations, adopted in 1986, cannot be applied to them. Because the property was used for animal husbandry prior to 1986, they argue, a Land Management Plan cannot be required of them.
They further maintain that requiring them to file a Land Management Plan would permit the commission to prohibit the continuation of lawful nonconforming uses on the property. (ROR 26, p. 5.)
The fears and apprehensions expressed by the plaintiffs concerning the continuation of lawful nonconforming uses, attribute to the Redding Zoning Commission powers and prerogatives which neither the applicable provisions of the Connecticut General Statutes, or the Redding Zoning Regulations permit.
Section 8-2(a) of the General Statutes contains specific protection for nonconforming uses, and limits the scope of the application of municipal zoning regulations:
 Such regulations shall not prohibit the continuance of any nonconforming use, building or structure existing at the time of the adoption of such regulations. Such regulations shall not provide for the termination of any nonconforming use solely as a result of nonuse for a specified period of time without regard to the intent of the property owner to maintain that use.
CT Page 317
Where a nonconformity exists, it is a right which adheres to the land itself. Petruzzi v. Zoning Board of Appeals,176 Conn. 479, 483 (1979).
The protections afforded a nonconforming use are binding upon a municipal land use commission, even in the absence of a provision which expressly exempts nonconforming uses from the terms of a regulation. D J Ouarry Products, Inc. v. Planning ZoningCommission, 217 Conn. 447, 455 (1991).
Section 5.17 of the Redding Zoning Regulations provides such an exemption:
Nonconforming Sites and Uses
 If a lot, building, structure or use was lawfully in existence on the effective date of these Regulations (or on the date of any amendment thereto), to the extent that such lot, building or structure or use did not then conform to these Regulations the same is deemed to be legally nonconforming and may be continued. . . .
The plaintiffs' apprehensions notwithstanding, the Town of Redding, through the adoption of § 5.14.3 of its regulations, cannot prohibit the continuation of any nonconforming use.
The record clearly demonstrates that maintaining nine horses on the plaintiffs' property predated the adoption of the Land Management Plan regulation, and represents a valid nonconforming use. (ROR 16.)
The Town of Redding concedes that it cannot prohibit the continuation of a valid nonconforming use.
Nor may it require that the plaintiffs submit a Land Management Plan, pursuant to § 5.14.3, which prohibits the continuation of any nonconforming use, building or structure.
The commission may not reject a Land Management Plan, or condition its approval of a plan, upon the curtailing of a nonconforming use.
Nor may it reject a proposed plan because the plan is believed to have an adverse impact upon the site or adjacent land, due to CT Page 318 the continuation of a valid nonconforming use.
Any action by the Redding Zoning Commission on a Land Management Plan, submitted pursuant to § 5.14, must recognize and respect the right of the plaintiffs to use their property in a manner consistent with existing nonconforming uses.
However, the recognition of the rights of a property owner to use his property consistent with a valid nonconforming use, does not prohibit the Redding Zoning Commission from adopting reasonable regulations to protect the public health, safety and welfare.
Such regulations are applicable to both conforming and nonconforming uses of land. Russo v. East Hartford,179 Conn. 250, 257 (1979); Teuscher v. Zoning Board of Appeals,154 Conn. 650, 657 (1967).
The plaintiffs may be required to file a Land Management Plan with the commission, and are not exempt from that requirement based upon the nonconforming use of their property.
The failure to file a Land Management Plan is grounds for the issuance of a cease and desist order.
The regulatory scheme contained in the Redding Zoning Regulations is a legitimate exercise of its police powers and does not violate § 19a-341 of the Connecticut General Statutes as the plaintiffs contend.
The town has not sought to declare the plaintiffs' property a nuisance.
 MUNICIPAL ESTOPPEL WILL NOT AID THE PLAINTIFFS
The plaintiffs claim that the Town of Redding is prohibited from enforcing its regulations in this case, based upon the doctrine of municipal estoppel.
As a general rule, estoppel cannot be invoked against a public agency in the exercise of its governmental function. Dupuis v.Submarine Base Credit Union, Inc., 170 Conn. 344, 353 (1976);Bianco v. Darien, 157 Conn. 548, 556 (1969).
Only under a very limited number of extraordinary situations CT Page 319 have courts recognized that a municipality may be estopped from enforcing its regulations.
Municipal estoppel is to be exercised with great caution, and only when (1) the resulting violation has been unjustifiably induced by an agent having authority in such matters, and (2) only when special circumstances render it highly inequitable or oppressive to enforce the regulation. Dornfried v. OctoberTwenty-Four, Inc., 230 Conn. 622, 635 (1994).
To establish municipal estoppel, a plaintiff must prove more than an act of reliance. He must show that he would be subjected to substantial loss if the municipality were permitted to enforce its regulations. Zoning Commission v. Lescynski, 188 Conn. 724,731 (1982).
Here, the plaintiffs allege that the 25 foot setback regulation is unenforceable, based upon various statements made by municipal officials and employees.
Those statements and opinions supported the plaintiffs' belief that the paddock was legally nonconforming and could continue to be used in its present form. (ROR 3-C.)
No evidence was presented to the effect that the paddock was constructed at the direction of any municipal official, or that the plaintiffs would suffer hardship if the 25 foot setback requirement is enforced.
At best, the comments and opinions of Redding officials indicate acquiescence to the location of the paddocks, or a belief arrived at without the benefit of a hearing, that the paddock area was legally nonconforming.
These facts cannot provide the basis for a successful claim of municipal estoppel.
 CONCLUSION
The appeal of the plaintiffs, Michael Ammirata and Margaret Ammirata, from the issuance of the cease and desist order is dismissed.
The plaintiffs are further ordered and directed to file a Land Management Plan within forty-five days of receipt of this CT Page 320 decision, and to cease and desist from violation of the 25 foot setback regulation.
Radcliffe, J.