## DARRYL JOHNSON ET AL. *v.* THANONGCHIT SOURIGNAMATH ET AL.
## (AC 22102)

Mihalakos, Flynn and Hennessy, Js.

Argued October 24, 2002—officially released March 11, 2003

*Jeremiah Donovan*, with whom was *Terry Donovan*, for the appellants-appellees (defendants).

*Howard M. Gould*, for the appellees-appellants (plaintiffs).

*Opinion*

FLYNN, J. This case involves a right-of-way claimed to exist by the plaintiffs, Darryl Johnson, Denise Myers, Darlene Graves, Lori Johnson Jerome and the estate of Walter Rochette (Joan Rochette and Dawn O'Dell, trustees) over the lands of the defendants, Thanongchit Sourignamath, Bounthavy Sourignamath, D. Scott Ward and Kathleen A. Ward. The plaintiffs claimed that they had a right-of-way to Bokum Road in Old Saybrook either by deed or by prescription benefiting their approximately ten acre parcel of land. The defendants appeal from the judgment of the trial court finding that a deeded right-of-way exists in favor of the land of the plaintiffs over that of the defendants. The plaintiffs cross appeal, claiming that the trial court should not have dismissed their prescriptive easement claim prior to the resolution of the defendant's appeal.

One of the issues raised by the defendants is whether any deeded right-of-way that the plaintiffs may have received from the title instruments in their chain over the defendants' lands would have been extinguished by the Marketable Title Act. General Statutes §§ 47-33b through 47-33*l*. Both parties raise arguments as to the significance of the act as it applies to their respective chains of title. The provisions of the act may be controlling, but we do not have a sufficient factual record to apply the act to this case, particularly as to the application of General Statutes §§ 47-33c and 47-33d, which provide, respectively, for marketable title where at least a forty year unbroken chain of title exists in land and the interests to which that marketable title may be subject.

The court, over the defendants' objection, allowed the plaintiffs' expert witness to testify as to some of the contents of the deeds in the plaintiffs' chain of title without requiring that the deeds themselves be entered into evidence.[1] Our Supreme Court in *Brookfield* v. *Candlewood Shores Estates, Inc.*, 201 Conn. 1, 10–11, 513 A.2d 1218 (1986), quoted C. McCormick, Evidence (3d Ed. 1984) § 231, when it observed that "presenting to a court the exact words of a writing is of more than average importance, particularly in the case of operative or dispositive instruments such as deeds . . . where a slight variation of words may mean a great difference in rights." (Internal quotation marks omitted.) See also *New Canaan Country School, Inc.* v. *Rayward*, 144 Conn. 637, 639–40, 136 A.2d 742 (1957). The instrument by which the plaintiffs claim ownership of the property is a certificate of devise from the Probate Court of Old Saybrook that transferred a piece of property from Elizabeth M. Rochette to four persons who are not named as plaintiffs. There is nothing in the evidentiary record or the pleadings that explains how the plaintiffs acquired title to this property from the persons named on the certificate of devise. Evidence needs to be taken on this issue. Finally, we need the trial court to determine the parties' respective roots of title; see General Statutes § 47-33b (e); because these facts relate both to the existence of a marketable title and to whether any claimed appurtenant right-of-way or easement has been extinguished or still is an encumbrance over the estates claimed to be servient.

---

[1] When the plaintiffs asked their expert witness to testify as to the name Rochette appearing in the deeds in their chain of title, the defendant objected as follows: "[O]bjection, this is hearsay. I don't mind the deeds being introduced. But to have him testify to what the deeds say is hearsay." The court overruled the objection and the deeds were never entered into evidence. Although experts may rely on hearsay in reaching their opinions; see *George* v. *Ericson*, 250 Conn. 312, 321, 736 A.2d 889 (1999); in this instance the expert was not conveying an opinion, but rather was being asked to recite the very language contained in the documents.

Pursuant to Practice Book § 60-2 (1), we have the authority to "order a judge to take any action necessary to complete the trial court record for the proper presentation of the appeal . . . ." Given the unique circumstances of this case where land titles are at issue, we conclude that the proper course of action is to remand the case for the submission of additional evidence, namely, the deeds or other title transactions in the plaintiffs' claimed chain of marketable title by which they claim ownership of their land and the disputed easement. We remand the matter for further factual findings concerning the derivation of the plaintiffs' ownership and for further findings as to the dates of the respective roots of title of each of the plaintiffs and the defendants. See generally *Board of Education* v. *Freedom of Information Commission*, 210 Conn. 590, 596–97, 556 A.2d 592 (1989) (remanded for further findings and any further evidence parties might submit), overruled in part on other grounds, *Chairman* v. *Freedom of Information Commission*, 217 Conn. 193, 201, 585 A.2d 96 (1991); *Holland* v. *Holland*, 188 Conn. 354, 363–64, 449 A.2d 1010 (1982) (remanded for further evidence and fully articulated memorandum of decision due to insufficient evidentiary record before reviewing court). This will allow us to exercise plenary review of the issues presented by this appeal. See *Il Giardino, LLC* v. *Belle Haven Land Co.*, 254 Conn. 502, 511, 757 A.2d 1103 (2000); *Mizla* v. *Depalo*, 183 Conn. 59, 63 n.8, 438 A.2d 820 (1981).

Our Supreme Court has observed that "[i]n the interests of justice, we have the power to remand a case for further proceedings even in the absence of reversible error by the trial court. See, e.g., *Montanaro Bros. Builders, Inc.* v. *Snow*, 190 Conn. 481, 490–91, 460 A.2d 1297 (1983); *Holland* v. *Holland*, [supra, 188 Conn. 364]; *State* v. *Gonzales*, 186 Conn. 426, 436, 441 A.2d 852 (1982)." *In re Final Grand Jury Report Concerning*

*the Torrington Police Dept.*, 197 Conn. 698, 717, 501 A.2d 377 (1985). "We have not found that the trial court's judgment was erroneous; instead we are ordering further proceedings to determine whether error has occurred." *Holland* v. *Holland,* supra, 364 n.6.

The plaintiffs' cross appeal relates to the trial court's dismissal of count two of their complaint, alleging a prescriptive easement, on the basis of the court's decision that the plaintiffs had proven the existence of a deeded easement in accordance with count one. The plaintiffs argue that the dismissal was premature in light of the defendants' pending appeal as to count one. The defendants, in their reply to the cross appeal, agree that the trial court would be required to conduct further proceedings as to count two if the defendants' appeal results in a reversal of count one. Because there was no motion to dismiss made by any of the parties, nor any claim by any of them that the court lacked either jurisdiction or authority to hear the plaintiffs' claim as to prescriptive easement, we agree with the positions taken by the plaintiffs and defendants that the outright dismissal of count two was premature and not prudential. We conclude that the dismissal of count two must be reversed in light of our remand to the trial court for the receipt of additional evidence. Should the court after taking that evidence decide that its judgment as to count one should stand, however, the court should reserve decision as to count two pending the final resolution of the defendants' appeal. Should the court after taking that evidence determine that the plaintiffs have not proved their right of access by deed, then the court should determine the plaintiffs' claim as to prescriptive easement.

The trial court's judgment is reversed as to the dismissal of count two, and the case is remanded with direction to order the submission of the deeds, maps or other pertinent records evidencing the plaintiffs'

ownership of the claimed dominant parcel and the claimed appurtenant easement, to allow any further evidence the parties might submit and to make additional factual findings. After a hearing, the trial court will have to determine whether the judgment previously rendered should be set aside in whole or in part or allowed to stand.

In this opinion the other judges concurred.