MICHAEL AMMIRATA ET AL. *v*. ZONING BOARD OF APPEALS OF THE TOWN OF REDDING ET AL.
(SC 16614)

Borden, Norcott, Katz, Palmer and Zarella, Js.

Argued December 5, 2002—officially released July 22, 2003

*Paul L. Bollo*, for the appellants (plaintiffs).

*Peter S. Olson*, with whom, on the brief, was *Michael N. LaVelle*, for the appellees (named defendant et al.).

*Opinion*

PALMER, J. The sole issue presented in this certified appeal is whether the Appellate Court properly concluded that the record was inadequate to review the claims of the plaintiffs, Michael Ammirata and Margaret Ammirata, that principles of res judicata and collateral estoppel precluded the named defendant,[1] the zoning board of appeals of the town of Redding (board), from litigating claims or issues regarding the plaintiffs' alleged violation of zoning regulations that previously were litigated or could have been litigated in a prior action brought against the plaintiffs by the town of Redding (town) and its zoning enforcement officer. Because we disagree with the conclusion of the Appellate Court that the record was inadequate for review of the plaintiffs' claims, we reverse the Appellate Court's judgment.

The following facts and procedural history are not in dispute. In 1982, the plaintiffs purchased a 2.56 acre parcel of land located at 145 Mountain Road (property) in Redding. In 1986, the town adopted a zoning regulation requiring property owners to file a land management plan with the town zoning commission whenever the owner maintains more than two horses on any one lot located in a residential zone. See Redding Zoning

---

[1] The zoning enforcement officer of the town of Redding, Aimee Pardee, also is a defendant, as are Edward J. Fenwick and Miriam J. Meese, each of whom owns property abutting the plaintiffs' property.

Regs., § 5.14.2.[2] When this regulation was adopted, the plaintiffs maintained nine horses on their property. Thus, the plaintiffs' use of the property to maintain nine horses constituted a valid nonconforming use. See, e.g., *Francini* v. *Zoning Board of Appeals*, 228 Conn. 785, 789, 639 A.2d 519 (1994). Consequently, the plaintiffs believed that they were exempt from filing a land management plan in accordance with § 5.14.2 of the town's zoning regulations.

In September, 1998, the town filed an action in Superior Court (1998 action),[3] alleging that the plaintiffs were in violation of certain zoning regulations. In particular, the town alleged, inter alia, that the plaintiffs were maintaining more than nine horses on their property and, therefore, were required to file a land management plan in accordance with § 5.14.2 of the town's zoning regulations.

On February 11, 1999, while the 1998 action was pending, the zoning enforcement officer issued a cease and desist order to the plaintiffs directing them to comply with certain zoning regulations. The order alleged that a fence enclosing a paddock[4] on the plaintiffs' property was not set back twenty-five feet from the property line, in violation of town zoning regulations. The order also alleged that the plaintiffs were required to submit a land management plan in compliance with § 5.14.2 of the town's zoning regulations but had failed to do so.

---

[2] Section 5.14.2 of the Redding zoning regulations provides in relevant part: "Within Residential . . . Zone[s], the following activities require a Land Management Plan approved by the Zoning Commission . . . (b) Animal raising operations in which the number of animals kept in any of the following categories exceeds the limit stated for that category . . . Horses . . . [2 per lot and 1 per 0.8 acre] . . . ."

[3] The town's zoning enforcement officer also was a plaintiff in the 1998 action against the plaintiffs.

[4] A paddock is "a small area (as a field) often enclosed and typically adjoining or near a building (as a house or stable) and often used for a pasture . . . [or] a turfed enclosure where horses are kept . . . ." Webster's Third New International Dictionary.

On February 25, 1999, the plaintiffs appealed from the issuance of the cease and desist order to the board. On March 16, 1999, the board, following a hearing, sustained the issuance of the cease and desist order and dismissed the plaintiffs' appeal. On April 7, 1999, the plaintiffs appealed from the decision of the board to the Superior Court. It is the litigation arising out of this zoning appeal that is the subject of the present appeal.

On July 23, 1999, while the plaintiffs' zoning appeal was pending, the trial court approved a stipulation between the parties in connection with the 1998 action. In accordance with the stipulation, the trial court rendered judgment permanently enjoining the plaintiffs from maintaining more than nine horses on their property without first filing a land management plan.

Thereafter, the plaintiffs claimed in their zoning appeal that the judgment terminating the 1998 action fully and fairly had settled the parties' dispute regarding the failure of the plaintiffs to file a land management plan, and, therefore, that the doctrine of collateral estoppel[5] barred the board from litigating, in that zoning appeal, any issue relating to the filing of such a plan. The plaintiffs also asserted that, because the town *could* have raised a claim regarding the alleged setback violation in the 1998 action but did not do so, the doctrine of res judicata[6] barred the board from litigating that

[5] "Collateral estoppel [or issue preclusion] means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. . . . Issue preclusion arises when an issue is actually litigated and determined by a valid and final judgment, and that determination is essential to the judgment." (Internal quotation marks omitted.) *Cumberland Farms, Inc.* v. *Groton*, 262 Conn. 45, 58, 808 A.2d 1107 (2002).

[6] "The principles underlying the doctrine of res judicata, or claim preclusion, are well settled. [A] valid, final judgment rendered on the merits by a court of competent jurisdiction is an absolute bar to a subsequent action between the same parties, or those in privity with them, upon the same claim or demand. . . . Furthermore, the doctrine of claim preclusion . . . bars not only subsequent relitigation of a claim previously asserted, but subsequent relitigation of any claims relating to the same cause of action

claim in the zoning appeal. Following a hearing, the trial court upheld the decision of the board sustaining the issuance of the cease and desist order and rendered judgment dismissing the plaintiffs' appeal. The trial court, however, did not expressly refer to the doctrines of res judicata and collateral estoppel in its otherwise thorough memorandum of decision.

The plaintiffs thereafter filed a petition for certification to appeal to the Appellate Court from the judgment of the trial court dismissing the plaintiffs' zoning appeal. In support of their petition, the plaintiffs claimed, inter alia, that the trial court improperly had rejected their res judicata and collateral estoppel claims. The Appellate Court granted the plaintiffs' petition and affirmed the judgment of the trial court.[7] *Ammirata* v. *Zoning Board of Appeals*, 65 Conn. App. 606, 609, 618, 782 A.2d 1285 (2001). With regard to the plaintiffs' res judicata and collateral estoppel claims, the Appellate Court concluded: "The [trial] court's memorandum of decision is silent as to the arguments concerning res judicata and collateral estoppel, and the plaintiffs did not seek an

which were actually made or *which might have been made.*" (Citation omitted; emphasis in original; internal quotation marks omitted.) *Gaynor* v. *Payne*, 261 Conn. 585, 595–96, 804 A.2d 170 (2002).

[7] The plaintiffs raised four additional claims on appeal to the Appellate Court. Specifically, the plaintiffs contended that: "[1] the zoning commission [was] prohibited from asserting against them a 1975 setback regulation that [was] not part of the current regulations that were adopted in 1986, [2] the application of a zoning regulation requiring a land management plan for a prior nonconforming use violate[ed] General Statutes § 8-2 (a) and § 5.17 of the Redding zoning regulations, which protect nonconforming uses, [3] General Statutes § 19a-341, concerning the right to farm, bar[red] the zoning commission from requiring a management plan for farm property and [4] [because Redding municipal officials allegedly had advised the plaintiffs that their property was exempt from certain zoning regulations] the doctrine of municipal estoppel prohibit[ed] the town . . . from enforcing its regulations." *Ammirata* v. *Zoning Board of Appeals*, 65 Conn. App. 606, 607–608, 782 A.2d 1285 (2001). The Appellate Court addressed and rejected each of these claims on the merits. Id., 611–18. None of these claims is the subject of this appeal.

articulation from the court in that regard. It is the appellant's duty to furnish this court with a record that is adequate to afford review. See Practice Book § 60-5. Absent an articulation of the court's reasoning, we are unable to review the plaintiffs' claim."[8] *Ammirata* v. *Zoning Board of Appeals*, supra, 610–11.

We granted the plaintiffs' petition for certification to appeal to this court, limited to the following issue: "Did the Appellate Court properly decline to review, on the basis of an inadequate record, the plaintiffs' claim[s] regarding res judicata and collateral estoppel?" *Ammirata* v. *Zoning Board of Appeals*, 258 Conn. 938, 786 A.2d 425 (2001). The plaintiffs contend that the record before the Appellate Court contained all of the facts and procedural history necessary for that court to have decided whether principles of res judicata and collateral estoppel precluded the board from litigating, in the zoning appeal, the setback claim or any issue relating to the filing of a land management plan. We agree with the plaintiffs.

"We begin our analysis by noting that the [issue] of whether the Appellate Court properly [refused to consider the plaintiffs' claims on the basis of] an inadequate record is one of pure law. Accordingly, our review is plenary. See, e.g., *State* v. *Butler*, 262 Conn. 167, 174, 810 A.2d 791 (2002)." *Niehaus* v. *Cowles Business*

---

[8] In a footnote, the Appellate Court elaborated on its conclusion that the trial court's memorandum of decision was silent as to the plaintiffs' claims concerning issue preclusion and claim preclusion: "In its memorandum of decision, the [trial] court did state the following: 'While the town . . . may not have alleged a violation of the setback provision during legal action initiated against the plaintiffs . . . a delay in enforcing a regulation will not estop a municipality from exercising its police powers. *Ackley* v. *Kenyon*, 152 Conn. 392, 397 [207 A.2d 265] (1965).' That statement coupled with the reference to *Ackley*, however, refers to the [plaintiffs' claim regarding the] doctrine of municipal estoppel, not to the principles of res judicata or collateral estoppel." *Ammirata* v. *Zoning Board of Appeals*, supra, 65 Conn. App. 610–11 n.2; see footnote 7 of this opinion.

*Media, Inc.*, 263 Conn. 178, 183, 819 A.2d 765 (2003). "It is well established that the appellant bears the burden of providing an appellate court with an adequate record for review. Practice Book § 61-10; *Rivera* v. *Double A Transportation, Inc.*, 248 Conn. 21, 33–34, 727 A.2d 204 (1999); *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 52, 717 A.2d 77 (1998)." *Community Action for Greater Middlesex County, Inc.* v. *American Alliance Ins. Co.*, 254 Conn. 387, 394, 757 A.2d 1074 (2000).

"The general purpose of [the relevant] rules of practice . . . [requiring the appellant to provide a sufficient record] is to ensure that there is a trial court record that is adequate for an informed appellate review of the various claims presented by the parties. . . . One specific purpose of a motion for articulation of the factual basis of a trial court's decision is to clarify an ambiguity or incompleteness in the legal reasoning of the trial court in reaching its decision. . . . *Further articulation . . . is unnecessary whe[n] the [memorandum of decision] adequately states its factual basis, and whe[n] the record is adequate for informed appellate review of the [judgment].*" (Emphasis added; internal quotation marks omitted.) *Journal Publishing Co.* v. *Hartford Courant Co.*, 261 Conn. 673, 687–88, 804 A.2d 823 (2002).

Applying the foregoing principles to the facts of the present case, we conclude that the Appellate Court had an adequate record upon which to review the merits of the plaintiffs' res judicata and collateral estoppel claims. First, both the plaintiffs and the defendants agree that the trial court necessarily decided those claims against the plaintiffs in light of the fact that the trial court rendered judgment in favor of the defendants in the present case.[9] Second, it is uncontested that the

---

[9] We therefore are not presented with the entirely different situation in which a trial court has failed to consider a particular claim.

issue of whether principles of res judicata and collateral estoppel are applicable to a particular set of facts is a question of law over which an appellate court's review is plenary. E.g., *Gaynor* v. *Payne*, 261 Conn. 585, 595, 804 A.2d 170 (2002) (issue of whether doctrine of res judicata is applicable to facts of case is issue of law subject to plenary review); *R & R Pool & Patio, Inc.* v. *Zoning Board of Appeals*, 257 Conn. 456, 466, 778 A.2d 61 (2001) (issue of whether doctrine of collateral estoppel is applicable to facts of case is issue of law subject to plenary review). Third, the pertinent facts and procedural history in the present case are not in dispute.[10] In such circumstances, the record is adequate for review of the plaintiffs' res judicata and collateral estoppel claims. Indeed, no defendant ever raised the claim of an inadequate record until the Appellate Court, sua sponte, declined to consider the plaintiffs' claims on that ground.

The fact that the trial court failed to explain its legal reasoning for rejecting the plaintiffs' res judicata and collateral estoppel claims does not compel a different conclusion. Although it would have been preferable for the trial court to have provided an explanation as to why it reached the determination that it did, such an explanation was not essential to appellate review of the plaintiffs' claims.[11] As we recently have stated, when the facts underlying a claim on appeal are not in dispute

---

[10] In addition, the documents relevant to the plaintiffs' claims were made a part of the record on appeal to the Appellate Court.

[11] As we have noted; see footnote 8 of this opinion; the Appellate Court rejected any suggestion that the trial court was addressing the application of the doctrines of res judicata and collateral estoppel when the trial court stated in its memorandum of decision that " 'a delay in enforcing a regulation will not estop a municipality from exercising its police powers.' " *Ammirata* v. *Zoning Board of Appeals*, supra, 65 Conn. App. 610 n.2. For purposes of this appeal, we accept the Appellate Court's characterization of the trial court's statement as relating to the doctrine of municipal estoppel rather than the doctrine of res judicata or the doctrine of collateral estoppel.

and that claim is subject to de novo review, "the precise legal analysis undertaken by the trial court is not essential to the reviewing court's consideration of the issue on appeal." *Community Action for Greater Middlesex County, Inc.* v. *American Alliance Ins. Co.*, supra, 254 Conn. 396. In other words, a record is adequate for review when the claim on appeal is subject to de novo review and there is no dispute as to the facts underlying that claim. See *Niehaus* v. *Cowles Business Media, Inc.*, supra, 263 Conn. 184–85. That is the case here.[12] Accordingly, the Appellate Court improperly concluded that the record was inadequate to review the plaintiffs' res judicata and collateral estoppel claims.[13]

The judgment of the Appellate Court is reversed and the case is remanded to that court for further proceedings according to law.

In this opinion the other justices concurred.

---

[12] Although we conclude that the record is adequate for review of the plaintiffs' claims, "our decision should not be construed as a general endorsement of decisions [that fail to include the legal basis for the resolution of a particular issue]. Appellate review is facilitated when the trial court provides a memorandum of decision setting forth [its legal] analysis of [each of] the issues presented." *Niehaus* v. *Cowles Business Media, Inc.*, supra, 263 Conn. 185 n.5.

[13] The defendants maintain that there is a distinction between "plenary" and "de novo" review, and that a record is inadequate for plenary review of a claim unless the trial court's legal reasoning is clear in regard to that claim. We disagree. The defendants have provided no authority, and we are aware of none, to support their contention that there is any meaningful distinction between plenary and de novo review. Indeed, we have used those two terms interchangeably in addressing claims of issue preclusion and claim preclusion. For example, compare *Cumberland Farms, Inc.* v. *Groton*, 262 Conn. 45, 57–58, 808 A.2d 1107 (2002) ("[t]he applicability of the doctrine[s] of collateral estoppel . . . [and] res judicata presents . . . question[s] of law that we review de novo") with *Gaynor* v. *Payne*, supra, 261 Conn. 595 ("The issue of whether the doctrine of res judicata is applicable [in a given] . . . case is a question of law. Accordingly, our review is plenary.").