CHARLES D. MIERZEJEWSKI *v.*
ROBERT J. LANERI ET AL.
(AC 32164)

DiPentima, C. J., and Beach and Flynn, Js.

---

Argued April 19—officially released July 19, 2011

*Walter A. Twachtman, Jr.*, for the appellants (defendant Robert J. Laneri et al.).

*Conrad Ost Seifert*, for the appellee (plaintiff).

### Opinion

FLYNN, J. The defendants, Robert J. Laneri and Janice M. Laneri, appeal from the judgment in favor of the plaintiff, Charles D. Mierzejewski, quieting title in

the plaintiff to a certain parcel of land on his common boundary with the defendants. The plaintiff had brought his claim under General Statutes § 47-31 seeking to quiet title to a strip of land on the northerly boundary of real property he owns in East Haddam. The trial court found that the defendants' southerly boundary of the "homestead parcel" (homestead parcel) was a stone wall. In exercise of our plenary review, we disagree, and reverse the judgment of the trial court and conclude, as a matter of law, that the intent expressed in the deeds in both the plaintiff's and the defendants' chains of title was that the southerly boundary line of the defendants' land is the center of the old abandoned highway, not a stone wall.

The following facts as found by the court are not in dispute. The plaintiff was in a prior title dispute with the defendant Crary Brownell. In that action, the plaintiff claimed to have acquired title to a right-of-way benefiting Brownell's premises by adverse possession or in the alternative by prescriptive easement. Judgment was rendered in favor of Brownell and that was affirmed by this court. *Mierzejewski* v. *Brownell*, 102 Conn. App. 413, 414, 925 A.2d 1126, cert. denied, 284 Conn. 917, 931 A.2d 936 (2007). In the *Brownell* case, the trial court did not determine the exact location of the right-of-way. Id., 417 n.6.

In the present case, the court saw its charge under the pleadings to determine the precise location of a portion of the northerly boundary of a portion of the plaintiff's property, and, thus, also the precise location of the southerly boundary of part of the defendants' land bordering it, known as the homestead parcel, which fronts on Bashan Road, a state highway.

The plaintiff and the defendants have separate chains of title. The parties are not in dispute about what title transactions are in each respective chain of title, but

are in dispute about the quantum of interest conveyed to the defendants' predecessor in title in the homestead parcel in a certain administrator's deed from Georgiana Sauer, administratrix of the estate of C. Theodore Sauer,[1] dated May 3, 1922, and recorded in volume 46, page 483, of the East Haddam land records to William H. Robinson (Robinson).

The defendants' homestead parcel was conveyed by Staunton S. Card and Edward P. Brownell to Benjamin H. Tillinghast by warranty deed dated February 23, 1864, and recorded in volume 30, page 480, of the East Haddam land records. That deed described land bounded "Northerly by land of Warren C. Spencer, Easterly and Southerly by highway and Westerly by land now or lately owned by Ambrose D. Spencer . . . ."

The court found that on March 31, 1866, the highway referred to in such deed was formally abandoned by such town, and it eventually became known as the " 'old highway.' " It is clear that although the court simply references "the highway," the easterly boundary is still bordered by land of the state of Connecticut and a public highway that still exists and is now known as Bashan Road. The court then found that the defendants' chain of title for the homestead parcel consisted of twelve title transactions. From 1907 onward, the title transactions describe the easterly boundary as "Easterly by the highway," which is now called Bashan Road. This dispute arises not as to that easterly boundary but as to the southerly boundary.

The court found that between 1914 and 1922, Sauer had assembled and owned the Laneri homestead or "front" parcel located north of a portion of the Mierzejewski parcel, the Mierzejewski parcel located south of

---

[1] In this opinion, we refer to Georgiana Sauer, administratrix of the estate of C. Theodore Sauer, as administratrix, and C. Theodore Sauer, in his individual capacity, as Sauer for clarity.

the Laneri homestead parcel, a Laneri "back" or "wood" parcel, which is not the subject of this dispute, and the Crary Brownell parcel, which was not part of this appeal, but was the subject of the prior appeal in *Mierzejewski* v. *Brownell*, supra, 102 Conn. App. 413.

Neither the defendants' nor the plaintiff's chains of title reference the stone wall. No deed in the defendants' chain of title bounds the southerly portion of the defendants' homestead parcel by a stone wall, but instead all such deeds bound it southerly by the old highway. No deed in the plaintiff's chain of title references the northerly boundary with the defendants' homestead parcel by a stone wall, but instead all such deeds bound it northerly by the abutting titleholder. For example, the August 8, 1986 warranty deed, by which the plaintiff took title, recorded in volume 362, page 272, of the East Haddam land records, stated that the plaintiff's parcel was bounded "[n]ortherly by lands of William H. Robinson," the defendants' predecessor in title.

The procedure in an action to settle the title to land under the statute has been long and clearly established. *Foote* v. *Brown*, 78 Conn. 369, 376–78, 62 A. 667 (1905). The essentials of the complaint were statements of the plaintiff's ownership in the land described and of its title thereto. *Gager* v. *Carlson*, 146 Conn. 288, 289, 150 A.2d 302 (1959); *Gaul* v. *Baker*, 105 Conn. 80, 84, 134 A. 250 (1926). The action could be maintained against one "in whom the land records disclose any interest, lien, claim or title conflicting with the plaintiff's claim, title or interest . . . ." General Statutes § 47-31 (a); *Gaul* v. *Baker*, supra, 83. The claim for relief called for a full determination of the rights of the parties in the land. See *Spelke* v. *Shaw*, 114 Conn. 272, 278, 158 A. 809 (1932). The plaintiff was required not only to allege but to prove that its title was so affected by the claims of the defendants as to justify the litigation. See *Loewenberg* v. *Wallace*, 147 Conn. 689, 692, 166 A.2d 150 (1960);

*Gager* v. *Carlson,* supra, 289. Finally, the plaintiff was required to prevail on the strength of his own title and not on the weakness of his adversary's title. *Lake Garda Improvement Assn.* v. *Battistoni,* 155 Conn. 287, 293, 231 A.2d 276 (1967); *Pepe* v. *Aceto,* 119 Conn. 282, 288, 175 A. 775 (1934).

"In determining a boundary line in a deed, the law is clear that the description in the deed, if clear and unambiguous, must be given effect. In such a case, there is no room for construction. The inquiry is not the intent of the parties but the intent which is expressed in the deed." (Internal quotation marks omitted.) *Har* v. *Boreiko,* 118 Conn. App. 787, 795, 986 A.2d 1072 (2010). "The construction of a deed in order to ascertain the intent expressed in the deed presents a question of law and requires consideration of all its relevant provisions in light of the surrounding circumstances. . . . On appeal the scope of review of such a question is plenary and does not require the customary deference to the trial court's factual inferences." (Citation omitted; internal quotation marks omitted.) *McCullough* v. *Waterfront Park Assn., Inc.,* 32 Conn. App. 746, 750, 630 A.2d 1372, cert. denied, 227 Conn. 933, 632 A.2d 707 (1993).

Sauer received title to the defendants' homestead parcel by warranty deed from Charles Potter, dated and recorded February 10, 1914, in volume 46, page 59, of the East Haddam land records, bounding and describing the property as being located in Bashan, so called, "Northerly by land formerly owned by Abner Hurd Easterly by the highway Southerly by an old highway and Westerly by land owned by C T Sauer containing about [two] acres more or less . . . ." Potter, the grantor, went on to note that his title "may be found on East Haddam land records Vol 44 Pg 635 and Vol 41, Pg 397." "[T]he exact words of a writing is of more than average importance, particularly in the case of operative or dispositive instruments such as deeds . . . where a slight

variation of words may mean a great difference in rights." (Internal quotation marks omitted.) *Brookfield v. Candlewood Shores Estates, Inc.*, 201 Conn. 1, 10–11, 513 A.2d 1218 (1986), quoting C. McCormick, Evidence (3d Ed. 1984) § 231; see also *Johnson v. Sourignamath*, 75 Conn. App. 403, 405, 816 A.2d 631 (2003).

Under our plenary review, we examine the administrator's deed from the administratrix of Sauer's estate, dated May 3, 1922, recorded in volume 46, page 483, of the East Haddam land records, to Robinson, in which he conveyed what became the defendants' homestead parcel. In it, the administratrix conveyed the premises bounded southerly "by an old highway" and described it as follows: "Northerly by land formerly owned by Abner Hurd, Easterly by the Highway, Southerly by an old highway and Westerly by land of C. T. Sauer containing about [two] [a]cres more or less, and is the same and all the same premises conveyed to said Sauer Feb. 10, 1914 by Charles Potter and recorded in East Haddam Land Records Vol. 46 Pg. 59."

It is not in dispute that the highway referenced as the easterly boundary is now known as Bashan Road. What is in dispute is the location of the southerly boundary described as "an old highway . . . ." The court found the southerly boundary of the defendants' homestead parcel to be a stone wall, rather than the old highway.

Although in its findings the court did not make a specific finding as to the last phrase of the 1922 deed wherein the conveyance specifically stated that it was conveying "the same and all the same premises" found in volume 46, page 59, of the East Haddam land records, under our plenary review, we review the entire record and the deeds in evidence, including this stated language. On appeal, the plaintiff argues that in the absence of such finding regarding the "same and all the same

premises" language, our review is barred. In the exercise of our plenary review, however, even if the court did not explain its reasoning for not making such a finding, we can review the entire language in the deed in the evidentiary record before us. As mentioned previously, if the deed is clear and unambiguous, its construction is a question of law and our scope of review is plenary. See *McCullough* v. *Waterfront Park Assn., Inc.,* supra, 32 Conn. App. 750. The record before us contains all of the facts and procedural history necessary to determine the southerly boundary of the homestead parcel.[2] The court's finding that the defendants' southerly boundary was the stone wall rested on its credibility determinations of the parties' surveyors, which would be necessary only if there was ambiguity in the deed. We, however, find that there is no ambiguity in the deed, on the basis of the "same and all the same premises" language in the key 1922 deed in the defendants' chain of title, and, therefore, it is not necessary for us to reach the trial court's credibility determinations of the surveyors. The fact that the court failed to acknowledge the "same and all the same premises" language in the 1922 deed does not compel a different conclusion. Such a finding is not essential to our plenary or de novo appellate review of the defendants' claims.

---

[2] "The general purpose of [the relevant] rules of practice . . . [requiring the appellant to provide a sufficient record] is to ensure that there is a trial court record that is adequate for an informed appellate review of the various claims presented by the parties. . . . One specific purpose of a motion for articulation of the factual basis of a trial court's decision is to clarify an ambiguity or incompleteness in the legal reasoning of the trial court in reaching its decision. . . . Further articulation . . . is unnecessary whe[n] the [memorandum of decision] adequately states its factual basis, and when the record is adequate for informed appellate review of the [judgment]." (Internal quotation marks omitted.) *Ammirata* v. *Zoning Board of Appeals,* 264 Conn. 737, 744, 826 A.2d 170 (2003). Our Supreme Court has said that "a record is adequate for review when the claim on appeal is subject to de novo review and there is no dispute as to the facts underlying that claim." Id., 746. That same principle applies to our plenary review here.

The 1922 deed in the defendants' chain of title from the administratrix of Sauer's estate to Robinson is the key to our analysis and controls the resolution of this case. The description of the southerly boundary of the homestead parcel in the 1922 deed is "by an old highway . . . ." We cannot consider this provision in isolation, without taking into account the rest of the deed's language. "[T]he primary rule of interpretation . . . is to gather the intention of the parties from their words, by reading, not simply a single clause of the agreement but the entire context . . . ." (Internal quotation marks omitted.) *Dent* v. *Lovejoy*, 85 Conn. App. 455, 466, 857 A.2d 952 (2004), cert. denied, 272 Conn. 912, 866 A.2d 1283 (2005). Furthermore, the intention of the parties will be gathered by reading the entire context. 23 Am. Jur. 2d 205–206, Deeds § 197 (2002).

While it might be argued that the southerly boundary of the conveyance from the administratrix of Sauer's estate to Robinson, the defendants' predecessor in title, left room to disagree about its location if viewed in isolation, we conclude that the entire legal description in which the administratrix, as grantor, indicated that she was conveying "the same and all the same premises" previously conveyed to her decedent in volume 46, page 59, of the East Haddam land records, leaves no room for doubt. "Boundaries may be described in a deed by reference to another deed or to a map or survey." 12 Am. Jur. 2d 393, Boundaries § 1 (2009). The "same and all the same premises" language essentially incorporated the common-law presumption into the chain of title. In the 1922 deed, the administratrix, as grantor, chose not to describe the southerly boundary as running against a stone wall, but continued the description "by an old highway" referencing the deed description by which the premises had been received in volume 46, page 59, when Sauer did not own all properties adjoining the road.

We next address the specific arguments set forth by the parties. The defendants first argue that when the old highway was abandoned in 1866, the property owners on each side of the highway, pursuant to a common-law presumption,[3] acquired title in fee simple to the center line of the highway, the southerly boundary of the homestead parcel. In response, the plaintiff argues that the common-law presumption was extinguished in 1922, at the time the administratrix of Sauer's estate conveyed the homestead parcel to Robinson, because by then her decedent had unified ownership of all the four parcels bordering the old highway. There is no such bright line rule of law requiring this result. We agree with the defendants that the 1922 deed, because of its reference to the prior deed by which he acquired title to the homestead parcel before such unified ownership, conveyed all of the quantum of interest in that deed to the center line of the highway.

"An abutting owner is presumed under the law of this state, no evidence having been offered to the contrary, to own the fee of the land to the center of the highway." *Antenucci* v. *Hartford Roman Catholic Diocesan Corp.*, 142 Conn. 349, 355, 114 A.2d 216 (1955).[4] The homestead parcel, through the conveyance from Potter to Sauer in 1914, and then Sauer to Robinson in 1922, was bounded "southerly by an old highway

---

[3] The common-law presumption dictates that landowners whose property abuts a public highway own to the middle of the highway after the highway is discontinued or abandoned. *Luf* v. *Southbury*, 188 Conn. 336, 341, 449 A.2d 1001 (1982).

[4] "A deed describing the premises by lot number and also by reference to an abutting highway . . . but without designating the inner edge or other part of the way as the boundary, will carry title to the center line thereof, unless a contrary intention appears. The same rule is applied where the property is described by a mere designation of the premises; that is, where a conveyance by designation refers to the abutting highway and uses no words importing its exclusion from the conveyance, the grant includes title to the highway's center line if the grantor owns so much." 12 Am. Jur. 427, Boundaries § 41 (2009).

. . . ." In 1866, the same year in which the highway on the south was abandoned, each abutting property owner then owned to the center line by virtue of the common-law presumption. After the common-law presumption took effect in 1866, there is no evidence that any grantor in the defendants' chain of title rebutted the presumption that he or she owned to the middle of the highway in any way. No evidence was introduced to refute the presumption that when the highway was abandoned in 1866, the then owner of the defendants' homestead parcel, Tillinghast, owned to the center of the line. Each succeeding landowner owned and conveyed "southerly by the old highway" up to and including Sauer in 1922. Furthermore, nothing in the record indicates that the unity of title altered the deeds.[5]

The mere fact that the plaintiff claims that unified ownership in Sauer extinguished the common-law presumption does not dispense with the rule that "[t]he plaintiff's right to recover in a suit to quiet title may be defeated by the defendant showing a paramount title." 74 C.J.S. 48, Quieting Title § 53 (2002). The law is clear that the description in the deed, if clear and unambiguous, must be given effect. *Koennicke* v. *Maiorano*, 43 Conn. App. 1, 10, 682 A.2d 1046 (1996). In the present case, the southerly boundary can be ascertained by first examining the intent expressed in the deeds of the defendants' chain of title. See *Har* v. *Boreiko*, supra, 118 Conn. App. 795. As we concluded previously, the key 1922 deed, because of its reference to the prior 1914 deed by which Sauer acquired title to the homestead parcel before acquiring all of the other surrounding parcels, conveyed all of the quantum of interest in that deed to the center line of the highway.

---

[5] We agree with the trial court that the merger doctrine is not helpful in this analysis. It is worth noting, however, that there is nothing in the record that shows that Sauer used it as a whole parcel, i.e., built a home that rested on adjoining properties and then redivided.

Here, we have a clear and unambiguous description in the deed referring to what had been received in the 1914 conveyance, and, therefore, cannot construe Sauer's later unity of ownership to alter or change that description. See *Koennicke* v. *Maiorano*, supra, 10. In oral argument before this court, the plaintiff agreed that prior to the common ownership by Sauer, the boundary line was the center of the old highway. The fact that there briefly was unity of title in Sauer before the 1922 conveyance to Robinson is of no consequence.

The plaintiff next argues that the "by the highway" language in the deeds in the defendants' chain of title does not mean "to the middle," but can be ambiguous and mean "to the edge." Specifically, the plaintiff argues that the language in the 1922 deed when the administratrix of Sauer's estate conveyed out "southerly by an old highway" is ambiguous because "by" obviously means "near" or "next to," and not "on" or "over." We are not persuaded.

This argument does not prevail for two reasons. First, as we concluded previously, the common-law presumption dictating that landowners whose property abuts a public highway own to the middle of the highway after the highway is abandoned was incorporated into the 1922 deed when the administratrix of Sauer's estate conveyed the homestead parcel to Robinson, the defendants' predecessor in interest, by stating that all interest in the 1914 deed was being conveyed. The administratrix clearly intended to convey "the same and all the same premises" as conveyed to her by Potter, who was presumed to own to the middle of the old highway. Because we concluded that not only did the unity of title not disrupt the common-law presumption, but Sauer, acting by his fiduciary, essentially incorporated the presumption into the deeds based on the clear "the same and all the same premises" language in the deed, there is no ambiguity.

Second, there is no mention in any of the deeds in either chain of title that use the word "edge," "stonewall," or any other language rebutting the presumption that the southerly boundary was the middle of the road. The plaintiff attempts to inject ambiguity into the use of the word "by" in the description. The language "by the highway" was never defined as "to the edge" or "near" or "next to." The language "by the highway" was used at the time the common-law presumption that landowners whose property abuts a public highway own to the middle of the highway after the highway is discontinued or abandoned was in effect. The administratrix of Sauer's estate had the authority to convey and clearly intended to convey to Robinson "the same and all the same premises" as deeded to him by Potter, which was southerly bounded to the middle of the old highway.

The plaintiff also asks us to consider the Marketable Title Act (act); General Statutes § 47-33b et seq.; as an alternate ground of affirmance. The plaintiff's claim is that General Statutes § 47-33c et seq. precludes analyzing the chains of title as far back in time as occurred. Section 47-33c states in relevant part that "[a]ny person . . . who has an unbroken chain of title to any interest in land for forty years or more, shall be deemed to have a marketable record title to that interest . . . ." The defendants point out, and the plaintiff admits, that this issue is raised for the first time on appeal.[6] The defendants further contend that this legal argument, because it was raised for the first time on appeal, should not be considered. See *New Haven* v. *Bonner*, 272 Conn. 489, 497–99, 863 A.2d 680 (2005) (declining to consider alternate ground for affirmance that was not raised before trial court). The court shall not be bound to

---

[6] In his appellate brief, the plaintiff expressly admits that he did not plead the act in his complaint or raise the act at trial. The plaintiff asserts it for the first time on appeal.

consider a claim unless it was distinctly raised at trial or arose subsequent to the trial. Practice Book § 60-5.

In the exercise of our plenary review, we reverse the judgment of the trial court quieting and settling title in the plaintiff and conclude, as a matter of law, that the intent expressed in the deeds in the defendants' chain of title describing the homestead parcel was that the defendants' southerly boundary line is the center line of the old abandoned highway. The matter is remanded to the trial court to render judgment accordingly.

In this opinion the other judges concurred.

